**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0096-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HARRY C. MASON,

    Defendant-Appellant.

_____

Submitted October 18, 2017 — Decided November 1, 2017

Before Judges Alvarez and Currier.

On appeal from the Superior Court of New
Jersey, Law Division, Burlington County,
Municipal Appeal No. 7-16.

Mark J. Molz, attorney for appellant.

Scott A. Coffina, Burlington County Prosecutor,
attorney for respondent (Nicole Handy,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Harry C. Mason appeals from the Law Division's
order entered after a de novo trial on the record. The Law
Division judge found him guilty of simple assault, in violation

of N.J.S.A. 2C:12-1(a).  After reviewing the record in light of the contentions advanced on appeal and the applicable law, we affirm.

Teresa McWilliams was at the hospital picking up her daughter, Danielle McWilliams, and Danielle's[1] newborn baby.  Teresa's son, Mark McWilliams, was with her.  Defendant Harry Mason, father of the newborn, also arrived at the hospital in the expectation that he was bringing Danielle and the baby home with him.  When Mark and defendant got into a fight in the valet parking area, Teresa hit defendant in the back in an attempt to pull defendant off Mark.  Defendant turned around and struck Teresa in the face, knocking her unconscious with the blow.

Defendant was charged with two counts of simple assault, in violation of N.J.S.A. 2C:12-1(a), against Teresa and Mark.  After a trial in municipal court, the judge found defendant not guilty of the simple assault against Mark, but guilty of the charged assault against Teresa.  The judge stated that he had no doubts as to the credibility of Teresa, who testified that she saw her son getting beat up and she was trying to pull defendant off of him.  He continued, "I don't believe for one minute [defendant] didn't know it was [Teresa]."  The judge also rejected defendant's

---

[1] We use first names for clarity and the ease of the reader. We mean no disrespect.

argument of self-defense, finding that "[d]efendant turned around, saw who it was, and hit her in the face, knocking her out."

Defendant appealed to the Law Division, and on August 4, 2016, Judge Thomas P. Kelly conducted a de novo trial on the record and issued an oral decision. The judge noted the credibility findings made by the municipal court judge and gave them the required deference. See State v. Robertson, 228 N.J. 138 (2017); State v. Locurto, 157 N.J. 463 (1999); State v. Johnson, 42 N.J. 146 (1964). In his review of the record, Judge Kelly found it was evident that defendant intended to strike Teresa. He did not find sufficient evidence to support self-defense. Defendant's appeal was denied.

In this appeal, defendant reiterates the arguments made to the Law Division, contending that:

> POINT I: THERE IS NO SPECIFIC FINDING AS TO THE CREDIBILITY OF MARK MCWILLIAM[S] AND THEREFORE ON TRIAL DE NOVO, THE COURT SHOULD NOT HAVE ACCEPTED CREDIBILITY PARTICULARLY BASED ON THE ADMISSION OF FALSE TESTIMONY.
>
> POINT II: HARRY C. MASON ESTABLISHED THE ELEMENTS OF SELF DEFENSE.
>
> POINT III: STATE FAILED TO PROVE INTENT TO ASSAULT TERESA MCWILLIAMS.

Our scope of review is limited to whether the conclusions of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." Johnson,

A-0096-16T4

supra, 42 N.J. at 162.  We do "not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Robertson, supra, 228 N.J. at 148 (quoting Locurto, supra, 157 N.J. at 474).

Appellate courts give substantial deference to a trial judge's findings of fact.  Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)).  These findings should only be disturbed when there is no doubt that they are inconsistent with the relevant, credible evidence presented below, such that a manifest denial of justice would result from their preservation.  Id. at 412.  We owe no deference to the trial judge's legal conclusions. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Judge Kelly properly conducted a de novo trial by reviewing the transcript and considering the written briefs and oral arguments of counsel.  In giving due regard to the municipal court judge's credibility findings, Judge Kelly found beyond a reasonable doubt that defendant was guilty of the assault on Teresa.  He determined that defendant had enough time to look at Teresa and decide whether to strike her.  The judge stated: "It's

not even an issue[,] . . . [defendant] chose to hit her," which is "an assault by all definitions."

We discern no basis to disturb the trial judge's decision. He thoroughly reviewed the facts and we are satisfied there is sufficient credible evidence in the record to substantiate his findings. We conclude that defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the thoughtful reasons expressed by Judge Kelly.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0096-16T4