**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0491-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARIUS L. SMITH,

    Defendant-Appellant.

_____

> Argued May 14, 2018 — Decided June 6, 2018
>
> Before Judges Rose and Firko.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Atlantic County, Municipal
> Appeal No. 34-15.
>
> Julio Navarro argued the cause for appellant
> (Hoagland, Longo, Moran, Dunst & Doukas, LLP,
> attorneys; Julio Navarro, of counsel and on
> the brief).
>
> Melinda A. Harrigan, Special Deputy Attorney
> General, argued the cause for respondent
> (Gurbir S. Grewal, Attorney General, attorney;
> Melinda A. Harrigan, of counsel and on the
> brief).

PER CURIAM

Defendant Darius L. Smith appeals from his conviction, after a trial de novo, for driving while under the influence of intoxicating liquor ("DUI"), N.J.S.A. 39:4-50(a)(1)(i) and (ii). He presents the following points on appeal:

POINT I:

THE LAW DIVISION JUDGE COMMITTED A REVERS[I]BLE ERROR AS THE FINDING THAT THE TROOPER WAS ABLE TO SUCCESSFULLY COMPLETE THE TWENTY-MINUTE OBSERVATION PERIOD IS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD.

POINT II:

THE LAW DIVISION JUDGE MADE A REVERSIBLE ERROR BY NOT EXCLUDING THE ALCOTEST CALCULATOR RESULTS AS THEY WERE NEVER PROPERLY AUTHENTICATED PURSUANT [TO] N.J.R.E. 901 & 902.

POINT III:

THE LAW DIVISION JUDGE COMMIT[T]ED A REVERSIBLE ERROR BY NOT EXCLUDING TESTIMONY THAT WAS PROVIDED AFTER THE TROOPER REFRESHED HIS RECOLLECTION WITH A POLICE REPORT CONTAINING THE WRONG PERSON'S NAME.

POINT IV:

THE LAW DIVISION JUDGE COMMITTED A REVERSIBLE ERROR AS THE TOTALITY OF THE FACTS DO NOT SUPPORT A FINDING THAT THE DEFENDANT'S PHYSICAL STATE HAD SUBSTANTIALLY DETERIORATED.

We affirm, substantially for the reasons set forth in the comprehensive written opinion of Judge Damon G. Tyner. There was

2

sufficient credible evidence in the record to support Judge Tyner's finding that defendant was driving under the influence.

Our standard of review is limited following a trial de novo in the Law Division conducted on the record developed in the municipal court. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). In such an appeal, we "consider only the action of the Law Division and not the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001). We focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). On a legal determination, in contrast, our review is plenary. State v. Kuropchak, 221 N.J. 368, 383 (2015).

Nevertheless, we will reverse only after being "thoroughly satisfied that the finding is clearly a mistaken one and so plainly unwarranted that the interests of justice demand intervention and correction." Johnson, 42 N.J. at 162. "We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). Because neither the appellate court nor the Law Division judge is in a good position to judge credibility, the municipal court's credibility findings are given deference. State v. Locurto, 157

N.J. 463, 470-71 (1999). The rule of deference is more compelling where, as here, both judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citation omitted). Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Id. at 470).

Judge Tyner credited the arresting officer's testimony that he responded to a dispatch regarding an erratic driver travelling on the Atlantic City Expressway. The officer observed defendant failing to stay in his lane and changing lanes without using a turn signal. After stopping and questioning defendant, he denied drinking. His eyes were bloodshot and watery, his eyelids were droopy, and alcohol emanated from his breath. Here, the Law Division judge found the arresting officer's testimony credible that he had to start the Alcotest three times because the first time, defendant asked for water and the second time, he surreptitiously slipped a piece of gum into his mouth, thereby affecting the efficacy of the test. The twenty minute observation

period had to be started anew for the third attempt. We find no error here.

Defendant also challenges the reliability of the Alcotest contending that the officer did not administer it properly. We reject defendant's argument that a precise recording by the officer was required as to the twenty minute observation periods. Applying our deferential standard of review, we find that Judge Tyner concluded that the twenty minute observation period requirement was satisfied. See State v. Chun, 194 N.J. 54, 89, 93 (2008). We also discern no merit in defendant's contention that the officer's testimony was unclear on this subject and lacked proof as to when defendant was brought to the processing room, or whether a timing device was used. The Law Division judge found that the State met its burden as to this issue by clear and convincing evidence based upon the credibility of the officer. His testimony was uncontradicted.

We also reject defendant's argument that the Alcotest calculator results were not properly authenticated pursuant to N.J.R.E. 901 and 902. The Law Division judge found that the State met its burden and laid a proper foundation in admitting the Alcotest calculator worksheet into evidence. See State v. Brunson, 132 N.J. 377, 393 (1993). The officer testified with meticulous detail how he created the calculator worksheet and the source of

the data. Follow up colloquy established "evidence sufficient to support a finding that the matter is what its proponent claims." N.J.R.E. 901. This is consistent with the principle that we will defer to a trial court's evidentiary ruling, in the absence of an abuse of discretion that results in a manifest denial of justice. State v. Lykes, 192 N.J. 519, 534 (2007). Accordingly, we discern no basis for reversal here. Judge Tyner was satisfied that the questions were clarifying.

We also reject defendant's argument that the Law Division judge improvidently failed to exclude a report used by the officer to refresh his recollection which set forth another individual's name. Judge Tyner found "that the trooper relied on his memory for a majority of his testimony" and only relied on the report "for a minimal part to accurately refresh his recollection." The officer was found to be credible in his explanation of the "cut and paste method" utilized in completing the report at issue. Judge Tyner was satisfied that the officer was "credible in his explanation of this issue" and that his testimony was not prejudicial.

Defendant challenges the reliability of the observations made by the arresting officer who testified. The Law Division judge credited the arresting officer's testimony that he observed defendant "switching lanes without using a turn signal" and that

6                                                          A-0491-16T4

he "continuously failed to maintain his lane, going back and forth while driving." The officer further testified that defendant had "slow, slurred speech and swayed as he got out of the vehicle."

These facts were significant to support a conclusion that defendant's consumption of alcohol "so affected [his] judgment or control as to make it improper for him to drive on the highways." Id. at 165. Put another way, defendant was under the influence because he suffered "a substantial deterioration or diminution of the mental faculties or physical capabilities of a person . . . ." State v. Tamburro, 68 N.J. 414, 421 (1975). Accordingly, we find no basis for reversal here.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0491-16T4