**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5097-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TATYANA ROZENTULER,

    Defendant-Appellant.

_____

        Submitted June 6, 2018 — Decided July 12, 2018

        Before Judges Alvarez and Nugent.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Municipal
        Appeal No. 9-2017.

        Tatyana Rozentuler, appellant pro se.

        Andrew C. Carey, Middlesex County Prosecutor,
        attorney for respondent (Joie D. Piderit,
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

    Defendant Tatyana Rozentuler appeals from the June 23, 2017

Law Division conviction following a trial de novo on the municipal

court record. See R. 7:13-1. The charge she was convicted on was

the motor vehicle offense of following too closely,[1] N.J.S.A. 39:4-89.[2] The judge sentenced Rozentuler to payment of a $50 fine and court costs of $33. On July 13, 2017, he denied Rozentuler's stay application. We denied a similar motion on August 24, 2017. We now affirm.

On this appeal, Rozentuler presents the following points for our consideration:

> I. MIDDLESEX COUNTY SUPERIOR COURT ERRED ON IGNORING THE VERIFIABLE MATHEMATICAL CALCULATIONS . . . WHICH WERE PROVIDED BY THE DEFENSE AS BEING BASED ON APPROXIMATIONS . . . IGNORING VIDEO EVIDENCE . . . AND CHOOSING INSTEAD TO BELIEVE THE QUESTIONABLE AND INCONSISTENT EYEWITNESS ACCOUNT . . . OF OFFICER VELEZ IN ORDER TO PROVE THE STATE'S CASE BEYOND THE REASONABLE DOUBT
>
> II. MIDDLESEX COUNTY SUPERIOR COURT ERRED ON ACCEPTING STATE'S ARGUMENTS WITHOUT RAISING QUESTIONS AS TO HOW THE DEFENDANT'S CAR ENDED UP TWO FEET BEHIND THE OFFICER'S CAR ON THE "STRAIGHT STRETCH OF THE ROAD" BEFORE THE POINT WHERE OFFICER VELEZ PULLED OVER TO LET MRS. ROZENTULER TO PASS
>
> III. COURT DID NOT ALLOW THE DEFENDANT TO REPRESENT ALL ARGUMENTS BY CONSTANTLY INTERRUPTING THE DEFENDANT AND MAKING REMARKS THROUGHOUT THE DEFENDANT'S TESTIMONY
>
> IV. MIDDLESEX COUNTY SUPERIOR COURT RELIED ON THE OPINION OF THE MUNICIPAL COURT WHEN

---

[1] Also known as "tailgating."

[2] Rozentuler was also found guilty of failure to produce her driver's license, N.J.S.A. 39:3-29(a), but she does not appeal that conviction.

> DETERMINED [sic] THE CREDIBILITY OF THE
> WITNESS FOR TO THE STATE . . . HOWEVER THE
> MUNICIPAL COURT REPEATEDLY SHOWED PREJUDICE
> AGAINST THE DEFENDANT AND DOES NOT APPEAR TO
> BE IMPARTIAL TOWARD THE DEFENDANT

Having reviewed the record in light of the applicable legal standards, we find no merit in any of these arguments.

I.

Township of East Brunswick Officer David Velez testified that on November 15, 2016, a rainy morning, at approximately 7:14 a.m., he was proceeding northbound on Jensen Road in an unmarked vehicle. He looked in his rear view mirror and saw a vehicle within two to three feet of his car. It was so close he was unable to see either the front license plate or the car's headlights. He pulled over for the vehicle to pass; after it did, he stopped the car and issued the summons for tailgating. Velez testified that a safe distance between vehicles at twenty-five miles per hour is two and one-half car lengths apart, whereas Rozentuler was only two to three feet behind him.

The only defense witness was Rozentuler's husband, who was driving about 100 feet behind her when she was pulled over. At the point where he could see his wife's car in front of him, on a curve, she was not tailgating. In fact, defendant was stopped on a straight stretch of road; again, her husband was at least 100 feet behind her. The municipal court judge found both witnesses

credible, and concluded that after the curve in the roadway, given the distance he was traveling behind his wife——varying from 100 to 200 feet——he would have been unable to see Rozentuler's proximity to the police car.

## II.

During her presentation to the Law Division, Rozentuler presented mathematical calculations in an attempt to undermine Velez's testimony. In response to this argument, the Law Division judge stated the calculations were based on a false premise, because the speeds of the vehicles involved varied and her formulations assumed a constant. He ignored the argument, because he did not believe that in "real life" the attack on the officer's accuracy of perception could succeed based on "rigid determinations." Instead, he relied upon the officer's perceptions while observing the car behind him in the rearview mirror. As the judge said, the officer pulled over because he believed the conduct was dangerous. Given that he was found to be credible by the municipal court judge, and based on the judge's own review of the record, the officer's observations controlled and warranted the conviction.

## III.

Rozentuler asserts the Law Division judge erred because he did not sufficiently question Velez's testimony. Neither the

Municipal Court judge nor the Law Division judge perceived there to be such inaccuracies as to warrant an acquittal.

Rozentuler also claims the Municipal Court judge constantly interrupted her presentation and "favor[ed]" the State during the proceeding. This bias, she argues, is proven by a sequence of events, including the municipal court's slow response to inquiries. Therefore, she argues, the Law Division judge should not have relied upon the Municipal Court judge's findings of credibility.

Since Rozentuler represented herself in the Law Division, as she does on appeal, she is no doubt unaware she cannot raise new arguments in this court not addressed by the trial court. We have nonetheless considered her points, not previously made, about the alleged bias in the municipal court. Based on our review of the record, although Rozentuler obviously disagrees with the factual findings, nothing that was said by either judge displays any bias for the State or prejudice against defendant.

As our Supreme Court has recently reiterated, at a trial de novo, "the court makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017). Such deferral is not cast in stone, but depends upon the Law Division judge giving due, though "not necessarily controlling," regard to the Municipal

Court judge's opportunity to view the witness's demeanor.  Id. at 148 (citing State v. Johnson, 42 N.J. 146, 157 (1964)).

When we review the trial court's findings, we focus on whether "sufficient credible evidence . . . in the record" justifies the Law Division's findings.  Ibid. (quoting Johnson, 42 N.J. at 162). We rarely "undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  Ibid. (citing State v. Locurto, 157 N.J. 463, 474 (1999)).  In our view, the Law Division's deferral to the credibility findings of the Municipal Court judge was warranted, and, in any event, the Law Division judge made independent credibility findings based on his review of the record.  There is nothing in this record that raises a doubt as to the fairness of the ultimate holding that defendant violated the law with regard to tailgating.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5097-16T3