SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

## State v. Scott Robertson (A-58-14) (075326)

**Argued February 1, 2016 — Reargued September 26, 2016 — Decided March 8, 2017**

**RABNER, C.J., writing for a unanimous Court.**

In this appeal, the Court addresses the appropriate standards for a stay of a driver's license suspension in a driving while intoxicated (DWI) case in two contexts: a judgment of the municipal court pending a trial de novo, and a determination by the Law Division pending appeal.

On August 11, 2012, a police officer in Wall Township pulled over a car after the officer watched it cross the "fog line"—a solid line on the "right most portion of the roadway"—three times. As the officer approached the stopped car, a convertible with the top down, he smelled alcohol. The driver, defendant Scott Robertson, admitted that he drank "a small number of beers" but denied that he was intoxicated. Defendant agreed to submit to three field sobriety tests. Based on his performance, the officer believed that defendant was impaired. The officer arrested defendant and took him to police headquarters to administer a breath test. The results of the Alcotest revealed that defendant had a blood alcohol concentration (BAC) of .13 percent, which is above the legal limit. As a result, the officer issued summonses for DWI, failure to maintain a lane, and reckless driving.

Before trial, defendant moved to exclude the results of the breath test. He claimed that he was entitled to additional discovery, namely, more detailed repair records of the Alcotest device and "data downloads" of certain diagnostic tests. The municipal court judge found probable cause for the arrest and rejected defendant's discovery arguments. The court found defendant guilty of DWI. The State dismissed the other charges. The court sentenced defendant to a total of $714 in fines and penalties, ordered him to serve twelve hours in the Intoxicated Driver Resource Center, and revoked his driving privileges for seven months, the minimum period for a first offender under N.J.S.A. 39:4-50(a)(1)(ii).

Upon defendant's request and without objection from the State, the municipal court judge stayed the license suspension for twenty days to allow defendant time to file an appeal. At a trial de novo before the Law Division, defendant again argued that the State failed to provide adequate discovery. The trial court rejected the claim, found defendant guilty, and imposed the same sentence. Defense counsel immediately moved to continue the stay of defendant's license suspension, which the State opposed. The trial judge granted the request on the condition that defendant file an appeal within ten days.

On appeal, defendant renewed his discovery argument. In a published opinion, the Appellate Division reviewed and rejected defendant's position. 438 N.J. Super. 47, 54, 64-73 (App. Div. 2014). The Appellate Division also addressed an issue that the parties had not raised. It noted "that both the municipal court and the Law Division stayed defendant's license suspension pending appeal in this matter without providing any statement of reasons." Id. at 74. The panel recognized the courts' authority to grant a stay and added that "an application for a stay pending appeal is governed by the three-part standard in Crowe v. De Gioia, 90 N.J. 126 (1982)." Ibid. The panel reviewed aspects of the Crowe standard in the context of DWI cases and noted that, when "a stay is otherwise warranted," a court may condition the stay and limit driving for purposes of employment, or require "the verified installation of an ignition interlock device," among other appropriate conditions. Id. at 76.

Defendant filed a petition for certification that does not challenge his conviction or sentence. The Supreme Court granted the petition to address an issue of "significant public importance" about the appropriate standards for a stay of judgment in a DWI case. 221 N.J. 287 (2015).

**HELD:** The Crowe factors are not a good fit to assess license suspensions in driving while intoxicated (DWI) cases. Defendants who seek a new trial before the Law Division should be presumptively eligible for a stay of a driver's license suspension. The State can overcome that presumption by showing that a stay would present a serious threat to the safety of any person or the community. If no conditions would mitigate that risk, the court should not stay the sentence. If a defendant is convicted of DWI by the Law Division, the defendant has the burden

1

to justify a stay of a driver's license pending appeal to the Appellate Division by demonstrating the three elements set forth in Rule 2:9-4. If a stay is granted, the court may impose appropriate conditions similar to those available after a defendant's conviction in municipal court. Municipal court and trial judges should set forth reasons on the record when they rule on a stay motion.

1. DWI cases start in municipal court, which has jurisdiction over motor vehicle offenses and traffic laws. N.J.S.A. 2B:12-17(b). The State must present sufficient evidence to prove the defendant's guilt beyond a reasonable doubt. The defendant may appeal a conviction to the Law Division and is entitled to a trial de novo. R. 3:23-1 to -9. At a trial de novo, the court makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings. Once again, the State must carry the burden of proof under N.J.S.A. 39:4-50 beyond a reasonable doubt. If convicted at the Law Division, defendants stand on a different footing. They may appeal to the Appellate Division and press for a conviction to be reversed. But the State no longer has the burden of proof. The differences between DWI convictions in municipal court and the Law Division matter. After the first conviction, the stage is set for a new trial, where the defendant retains the presumption of innocence; after the second, a defendant loses the cloak of innocence and stands convicted -- ready to challenge that determination on appeal. Those basic distinctions call for different standards for stay applications at the two levels of the court system. (pp. 7-9)

2. The Crowe v. De Gioia three-part test, supra, 90 N.J. 126, has not been the prevailing standard for stays in DWI cases in municipal court. DWI cases are quasi-criminal matters. The Crowe factors are not a good fit to assess license suspensions in DWI cases for a number of reasons. The first prong would almost always be met because defendants who face a temporary loss of driving privileges will suffer harm that cannot be restored later. The second factor conflicts with the nature of a trial de novo, at which the State carries the burden of proof beyond a reasonable doubt. And the balancing of hardships that the third prong invites does not squarely address the core concerns present in a DWI case. The Court therefore looks elsewhere for guidance and turns to statutory and court rules that authorize judges to stay a sentence. Those sources—in particular, Rule 2:9-4—highlight the issues judges should consider when they evaluate an application to stay the suspension of a driver's license. The proper approach, though, differs from the municipal court to the Law Division in light of the finality of the proceedings in each court. (pp. 9-11)

3. Defendants who seek a new trial before the Law Division should be presumptively eligible for a stay of a driver's license suspension. The State has the burden to overcome that presumption. It can do so by showing that a stay of defendant's license suspension would present a serious threat to the safety of any person or the community. If no conditions would mitigate that risk, the court should not stay the sentence. Judges may consider a defendant's entire criminal past and history of motor vehicle offenses to assess the risk a defendant poses. The more extensive the history, the more likely it is that a defendant presents a threat to public safety. Other relevant factors include a defendant's history of drug and alcohol abuse and dependency, evidence of rehabilitation and relapse, the egregiousness of the particular offense, and any evidence in general of a defendant's disregard for the law. To militate against risk and protect the public, a judge may stay a license suspension subject to conditions. To facilitate review, municipal court judges should set forth reasons on the record when they rule on a stay motion. (pp. 12-14)

4. If a defendant is convicted of DWI by the Law Division, Rule 2:9-4 applies. At this stage, the defendant has the burden to justify a stay of a driver's license suspension pending appeal to the Appellate Division. Courts may grant a stay only if the defendant demonstrates that (1) "it appears that the case involves a substantial question that should be determined" on appeal, (2) the safety of any person or the community "will not be seriously threatened" if defendant's license is not suspended, and (3) "there is no significant risk of defendant's flight." R. 2:9-4. A defendant must satisfy an onerous standard to obtain a stay of a license suspension by the Law Division. Substantial questions can involve reasonably debatable questions of law or fact that are likely to result in reversal. But it would be rare for a debate about questions of fact alone to present a substantial question that warrants a stay. If a stay is granted, the court may impose appropriate conditions similar to those available after a defendant's conviction in municipal court. Those conditions should be the least restrictive ones needed to protect the public. Finally, trial judges, like municipal court judges, should set forth reasons when they resolve a stay application. (pp. 14-17)

Because defendant has completed his license suspension, the Court does not apply the above standards to his case. The standards govern future requests for a stay of a license suspension by the municipal court and the Law Division.

**JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON and TIMPONE join in CHIEF JUSTICE RABNER's opinion.**

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

    v.

SCOTT ROBERTSON,

  Defendant-Appellant.

  Argued February 1, 2016

  Reargued September 26, 2016 - Decided March 8, 2017

  On certification to the Superior Court, Appellate Division, whose opinion is reported at 438 N.J. Super. 47 (App. Div. 2014).

  Matthew W. Reisig argued the cause for appellant (Reisig & Associates, attorneys; Mr. Reisig and Jeffrey Zajac, of counsel and on the briefs).

  Monica L. do Outeiro, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Acting Monmouth County Prosecutor, attorney).

  Matthew E. Beck argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Chiesa Shahinian & Giantomasi, attorneys; Mr. Beck and Chelsea P. Jasnoff, on the brief).

  Michele E. Friedman, Assistant Deputy Public Defender, argued the cause for amici curiae Office of the Public Defender and American Civil Liberties Union of New Jersey Foundation (Joseph E. Krakora, Public Defender and Edward L. Barocas, Legal

1

Director, attorneys; Ms. Friedman and
Alexander R. Shalom, on the brief).

Kimberly A. Yonta argued the cause for
amicus curiae New Jersey State Bar
Association (Thomas H. Prol, President,
attorney; Ms. Yonta and Jeffrey Evan Gold,
on the brief).

Claudia Joy Demitro, Deputy Attorney
General, argued the cause for amicus curiae
Attorney General of New Jersey (Christopher
S. Porrino, Attorney General, attorney).

CHIEF JUSTICE RABNER delivered the opinion of the Court.

A municipal court judge convicted a motorist of driving while intoxicated (DWI) and suspended his license for seven months. The court granted the driver's request to stay his suspension while he pursued a new trial in Superior Court. The driver was convicted again before a Law Division judge and sought another stay of his sentence pending appeal to the Appellate Division.

We now address the appropriate standards for a stay of a driver's license suspension in a DWI case in two contexts: a judgment of the municipal court pending a trial de novo, and a determination by the Law Division pending appeal.

I.

Because defendant seeks review only of the standard for a stay, we recount the underlying facts briefly. They are taken

2

from testimony presented at a motion to suppress and other parts of the record.

On August 11, 2012, a police officer in Wall Township pulled over a car after the officer watched it cross the "fog line" -- a solid white line on the "right most portion of the roadway" -- three times. As the officer approached the stopped car, a convertible with the top down, he smelled alcohol. The driver, defendant Scott Robertson, admitted that he drank "a small number of beers" but denied that he was intoxicated. Defendant agreed to submit to three field sobriety tests. Based on his performance, the officer believed that defendant was impaired.

The officer arrested defendant and took him to police headquarters to administer a breath test. The results of the Alcotest revealed that defendant had a blood alcohol concentration (BAC) of .13 percent, which is above the legal limit. See N.J.S.A. 39:4-50. As a result, the officer issued summonses for DWI, ibid., failure to maintain a lane, N.J.S.A. 39:4-88(b), and reckless driving, N.J.S.A. 39:4-96.

Before trial, defendant challenged the legality of his arrest and moved to exclude the results of the breath test. At the center of defendant's motion to suppress was his claim that he was entitled to additional discovery, namely, more detailed repair records of the Alcotest device used in the case and "data

3

downloads" of certain diagnostic tests. See State v. Robertson, 438 N.J. Super. 47, 56-59 (App. Div. 2014). The State had provided hard copies of those test results. Id. at 56.

The municipal court judge found probable cause for the arrest and rejected defendant's discovery arguments. After a trial based on stipulated facts, the court found defendant guilty of DWI. The State, in turn, dismissed the other charges. The court sentenced defendant to a total of $714 in fines and penalties, ordered him to serve twelve hours in the Intoxicated Driver Resource Center, and revoked his driving privileges for seven months, the minimum period for a first offender under N.J.S.A. 39:4-50(a)(1)(ii).

Defense counsel asked the court to stay the sentence pending appeal, and the State did not object. The judge stayed only the license suspension for twenty days to allow defendant time to file an appeal.

At a trial de novo before the Law Division, defendant again argued that the State failed to provide adequate discovery. The trial court rejected the claim and found defendant guilty. It noted that the officer's observations independently supported a conviction. The court then imposed the same sentence.

Defense counsel immediately moved to continue the stay of defendant's license suspension, which the State opposed. The trial judge granted the request on the condition that defendant

4

file an appeal within ten days. The court added that it would revoke the stay immediately if defendant "g[o]t arrested on a DWI in the future."

On appeal, defendant renewed his discovery argument. In a published opinion, the Appellate Division reviewed and rejected defendant's position. Robertson, supra, 438 N.J. Super. at 54, 64-73.

At the end of its opinion, the Appellate Division addressed an issue that the parties had not raised. It noted "that both the municipal court and the Law Division stayed defendant's license suspension pending appeal in this matter without providing any statement of reasons." Id. at 74. The panel recognized the courts' authority to grant a stay and added that "an application for a stay pending appeal is governed by the three-part standard in Crowe v. De Gioia, 90 N.J. 126 (1982)." Ibid. The panel reviewed aspects of the Crowe standard in the context of DWI cases and noted that, when "a stay is otherwise warranted," a court may condition the stay and limit driving for purposes of employment, or require "the verified installation of an ignition interlock device," among other appropriate conditions. Id. at 76.

Defendant filed a petition for certification that does not challenge his conviction or sentence. He seeks review only of

5

the Appellate Division's ruling on the standard for a stay in DWI cases.  We granted the petition.  221 N.J. 287 (2015).

After a first round of oral argument, the Court invited various amici to weigh in on the appropriate standard.  We received responses from the Attorney General, the New Jersey State Bar Association, and the Association of Criminal Defense Lawyers of New Jersey, as well as a joint submission from the American Civil Liberties Union of New Jersey and the Office of the Public Defender.

## II.

The parties and amici commented on the differences among proceedings in the municipal court, Law Division, and Appellate Division, and on the finality of the rulings at each of those stages.  Counsel also submitted proposed tests for a stay of judgment in the municipal court pending a trial de novo, and in the Law Division pending an appeal.

The proposals share common features and also differ from one another.  Without attempting to summarize the presentations one by one, we note that all of them inform our ruling.  We thank amici in particular for their helpful responses to the Court's request for assistance.

## III.

Defendant has already completed his license suspension, which renders this case moot.  The appeal, however, raises an

6

issue of "significant public importance" about the appropriate standards for a stay of judgment in a DWI case, which is "capable of repetition, yet evade[s] review." Mistrick v. Div. of Med. Assistance & Health Servs., 154 N.J. 158, 165 (1998); see also Nini v. Mercer Cty. Cmty. Coll., 202 N.J. 98, 105 n.4 (2010). We therefore address the question presented.

IV.

DWI cases start in municipal court, which has jurisdiction over motor vehicle offenses and traffic laws. N.J.S.A. 2B:12-17(b). The State must present sufficient evidence to prove the defendant's guilt beyond a reasonable doubt. State v. Kuropchak, 221 N.J. 368, 382 (2015). The defendant, in turn, may appeal a conviction to the Law Division and is entitled to a trial de novo. R. 3:23-1 to -9.

In the Law Division, the trial judge "may reverse and remand for a new trial or may conduct a trial de novo on the record below." R. 3:23-8(a)(2). At a trial de novo, the court makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings. See State v. Ross, 189 N.J. Super. 67, 75 (App. Div.), certif. denied, 95 N.J. 197 (1983). It is well-settled that the trial judge "giv[es] due, although not necessarily controlling, regard to the opportunity of the" municipal court judge to assess "the credibility of the witnesses." State v. Johnson, 42 N.J. 146,

7

157 (1964). Once again, the State must carry the burden of proof under N.J.S.A. 39:4-50 beyond a reasonable doubt. See Kuropchak, supra, 221 N.J. at 382; State v. Snyder, 337 N.J. Super. 59, 61-62 (App. Div. 2001).

If convicted at the Law Division, defendants stand on a different footing. They may of course appeal to the Appellate Division and press for a conviction to be reversed. But the State no longer has the burden of proof. Appellate review instead focuses on whether there is "sufficient credible evidence . . . in the record" to support the trial court's findings. Johnson, supra, 42 N.J. at 162. "[A]ppellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999). The trial court's legal rulings are considered de novo. Kuropchak, supra, 221 N.J. at 383.

The differences between DWI convictions in municipal court and the Law Division matter. After the first conviction, the stage is set for a new trial, where the defendant retains the presumption of innocence; after the second, a defendant loses the cloak of innocence and stands convicted -- ready to challenge that determination on appeal. Those basic

8

distinctions call for different standards for stay applications at the two levels of the court system.

## V.

The municipal court and the Law Division both stayed defendant's license suspension pending appeal.  Neither court explained its ruling.  On appeal, the Appellate Division concluded that, to obtain a stay, a defendant must satisfy the standard outlined in Crowe, supra, 90 N.J. 126.  Robertson, supra, 438 N.J. Super. at 74.  Under that test,

> [a] party seeking a stay must demonstrate that (1) relief is needed to prevent irreparable harm; (2) the applicant's claim rests on settled law and has a reasonable probability of succeeding on the merits; and (3) balancing the "relative hardship to the parties reveals that greater harm would occur if a stay is not granted than if it were."
>
> [Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013) (quoting McNeil v. Legislative Apportionment Comm'n, 176 N.J. 484, 486 (2003) (LaVecchia, J., dissenting)).]

The appellate panel added that, "[w]ith respect to the second Crowe factor, the Court should consider whether the appeal involves a substantial question, and whether there is a reasonable prospect that defendant may prevail and avoid license suspension."  Robertson, supra, 438 N.J. Super. at 74.

Crowe's three-part test, however, has not been the prevailing standard for stays in DWI cases in municipal court.  DWI cases are quasi-criminal matters.  State v. Gibson, 219 N.J.

9

227, 240 (2014).  Crowe was a civil palimony case in which the trial court ordered temporary relief.  Crowe, supra, 90 N.J. at 129-30.

The Crowe factors are not a good fit to assess license suspensions in DWI cases for a number of reasons.  The first prong would almost always be met because defendants who face a temporary loss of driving privileges will suffer harm that cannot be restored later.  The second factor conflicts with the nature of a trial de novo, at which the State carries the burden of proof beyond a reasonable doubt.  And the balancing of hardships that the third prong invites does not squarely address the core concerns present in a DWI case, which we discuss below.  We therefore look elsewhere for guidance and turn to statutory and court rules that authorize judges to stay a sentence.

When a license is revoked for DWI and the defendant appeals the judgment, "the appeal shall not operate to restore the license during the pendency of the appeal, however, the license may be restored either by the trial court or the appellate court pending disposition of the appeal."  N.J.S.A. 39:5-22.  Rule 7:13-2 provides that, "[n]otwithstanding R. 3:23-5, a sentence or a portion of a sentence may be stayed by the court in which the conviction was had or to which the appeal is taken on such terms as the court deems appropriate."  Rule 3:23-5(b), in turn,

states that a court may stay a fine, costs, or a forfeiture "as the court deems appropriate."

Two other rules offer additional guidance. When a defendant is sentenced in the Law Division, "[a] sentence of imprisonment shall not be stayed by the taking of an appeal or by the filing of a notice of petition for certification, but the defendant may be admitted to bail as provided in R. 2:9-4." R. 2:9-3(b). Rule 2:9-4 provides more substantive direction. It states that a defendant in a criminal case shall be admitted to bail

> only if it appears that the case involves a substantial question that should be determined by the appellate court, that the safety of any person or of the community will not be seriously threatened if the defendant remains on bail and that there is no significant risk of defendant's flight.
>
> [R. 2:9-4.]

Those sources -- in particular, Rule 2:9-4 -- highlight the issues judges should consider when they evaluate an application to stay the suspension of a driver's license. The proper approach, though, differs from the municipal court to the Law Division in light of the finality of the proceedings in each court.

11

A.

To reiterate, a conviction in municipal court is subject to a trial de novo, at which the State must again prove a defendant's guilt beyond a reasonable doubt. See Snyder, supra, 337 N.J. Super. at 61-62. For that reason, defendants who seek a new trial before the Law Division should be presumptively eligible for a stay of a driver's license suspension. The State has the burden to overcome that presumption. It can do so by showing that a stay of defendant's license suspension would present a serious threat to the safety of any person or the community. If no conditions would mitigate that risk, the court should not stay the sentence. Practically, when no stay is granted, defendants may have served the full period of suspension by the time the trial de novo takes place. See, e.g., N.J.S.A. 39:4-50(a)(1)(i) (imposing license suspension of three months on first offenders with BAC of .08 percent or higher but less than .10 percent).

Judges may consider a defendant's entire criminal past and history of motor vehicle offenses to assess the risk a defendant poses. The more extensive the history, the more likely it is that a defendant presents a threat to public safety. According to the National Highway Traffic Safety Administration, "[d]rivers with BACs of .08 . . . or higher involved in fatal crashes were 4.5 times more likely to have prior convictions for

12

driving while impaired (DWI) than were drivers with no alcohol in their blood."  Nat'l Ctr. for Statistics and Analysis, Nat'l Highway Traffic Safety Admin., <u>Traffic Safety Facts 2015 Data: Alcohol-Impaired Driving</u> 4 (2016), https://crashstats.nhtsa. dot.gov/Api/Public/ViewPublication/812350.

Other relevant factors include a defendant's history of drug and alcohol abuse and dependency, evidence of rehabilitation and relapse, the egregiousness of the particular offense, and any evidence in general of a defendant's disregard for the law.

To militate against risk and protect the public, a judge may stay a license suspension subject to conditions.  <u>See</u> <u>R.</u> 7:13-2 (noting that court may stay sentence "on such terms as the court deems appropriate").  In that regard, the court may impose conditions or limits on driving.  For example, a court could order that a defendant be allowed to travel only to and from work or a doctor's office, within certain hours.[1]  The court could also condition a stay upon the installation of an ignition interlock device.[2]  The conditions imposed should be no more onerous than necessary to protect the public.

---

[1]  Some states have laws that allow for a restricted license. <u>See, e.g.,</u> <u>Conn. Gen. Stat.</u> § 14-37a.

[2]  An ignition interlock device (IID) is a "blood alcohol equivalence measuring device which will prevent a motor vehicle from starting if the operator's blood alcohol content exceeds a

To facilitate review, municipal court judges should set forth reasons on the record when they rule on a stay motion.

B.

If a defendant is convicted of DWI by the Law Division, Rule 2:9-4 applies.  At this stage, the defendant has the burden to justify a stay of a driver's license suspension pending appeal to the Appellate Division.  Courts may grant a stay only if the defendant demonstrates that (1) "it appears that the case involves a substantial question that should be determined" on appeal, (2) the safety of any person or the community "will not be seriously threatened" if defendant's license is not suspended, and (3) "there is no significant risk of defendant's flight."  R. 2:9-4.

Federal case law offers guidance on the meaning of "substantial question."  The same phrase is used in the Bail Reform Act of 1984.  In particular, Title 18, United States

---

predetermined level when the operator blows into the device."
N.J.S.A. 39:4-50.17(d).  Because defendants bear the cost of an IID, judges should be mindful of an individual defendant's ability to pay for the device.  Cf. Bearden v. Georgia, 461 U.S. 660, 672, 103 S. Ct. 2064, 2073, 76 L. Ed. 2d 221, 233 (1983) (holding that in revocation proceedings for failure to pay fine or restitution, sentencing courts must inquire into reasons for failure to pay and consider bona fide efforts defendant has made to acquire resources).

Defendant argues that the Motor Vehicle Commission oversees the use of an IID.  We ask the Director of the Administrative Office of the Courts to coordinate with the Chief Administrator of the Motor Vehicle Commission about any issues that may arise.

14

Code, Section 3143(b) directs that a defendant found guilty of an offense and sentenced to imprisonment shall be detained unless the judge finds, among other things, that the appeal

> raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

A majority of Circuits follows the Eleventh Circuit and defines "substantial question" as "a 'close' question or one that very well could be decided the other way." United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam), cert. denied, 479 U.S. 1018, 107 S. Ct. 669, 93 L. Ed. 2d 721 (1986); see also United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir. 1985); United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985); United States v. Bilanzich, 771 F.2d 292, 298-99 (7th Cir. 1985); United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985) (en banc); United States v. Valera-Elizondo, 761 F.2d 1020, 1024 (5th Cir. 1985); United States v. Randell, 761 F.2d 122, 125 (2d Cir.), cert. denied, 474 U.S. 1008, 106 S. Ct. 533, 88 L. Ed. 2d 464 (1985); United States v. Powell, 761 F.2d 1227, 1231-32 (8th Cir. 1985) (en banc), cert. denied, 475 U.S. 1015, 106 S. Ct. 1196, 89 L. Ed. 2d 311 (1986), and 476 U.S. 1104, 106 S. Ct. 1947, 90 L. Ed. 2d 357 (1986). In Powell,

15

the Eighth Circuit elaborated on the overall standard and held that, to be released on bail after a sentence of imprisonment, a defendant must show that the question presented is substantial -- "that it is a close question or one that could go either way" -- and that the substantial question "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Powell, supra, 761 F.2d at 1233-34.

The Third Circuit defines the term "substantial question" as "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985). The Ninth Circuit uses a "fairly debatable" standard. United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985).

Under any of those approaches, a defendant must satisfy an onerous standard to obtain a stay of a license suspension by the Law Division. Substantial questions can involve reasonably debatable questions of law or fact that are likely to result in reversal. But it would be rare for a debate about questions of fact alone to present a substantial question that warrants a stay.

To demonstrate that he or she does not pose a risk to public safety, a defendant can propose conditions that would mitigate that risk. If a stay is granted, the court may impose

16

appropriate conditions similar to those available after a defendant's conviction in municipal court.  Once again, those conditions should be the least restrictive ones needed to protect the public.

Finally, in only a rare case would the third factor under Rule 2:9-4 -- significant risk of flight -- be relevant in connection with a license suspension.

Trial judges, like municipal court judges, should set forth reasons when they resolve a stay application.

## VI.

Because defendant has completed his license suspension, we do not apply the above standards to his case.  The standards govern future requests for a stay of a license suspension by the municipal court and the Law Division.


JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON and TIMPONE join in CHIEF JUSTICE RABNER's opinion.

17