**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1320-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT J. YOUNG, JR.,

    Defendant-Appellant.

_____

Submitted June 5, 2019 – Decided July 3, 2019

Before Judges Koblitz and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 8-18.

Helmer, Conley & Kasselman, PA, attorneys for appellant (Patricia B. Quelch, of counsel and on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert J. Young. Jr., appeals from the Law Division's October 17, 2018 order entered after a de novo trial on the record. The Law Division found defendant guilty of driving while intoxicated (DWI) in violation of N.J.S.A. 39:4-50. After reviewing defendant's contentions in light of the record and applicable principles of law, we affirm.

On July 7, 2017, defendant was charged with DWI, N.J.S.A. 39:4-50, and reckless driving, N.J.S.A. 39:4-96. At approximately 7:45 a.m. that morning, a woman stopped a Ventnor police officer in the parking lot of a convenience store, and asked him to check on a man who appeared to be unconscious or asleep in a parked minivan.

The officer knocked on the van's window several times before the man, later identified as defendant, woke up. The officer noted defendant was in the driver's seat, the key was in the ignition, and the engine was running. When defendant awoke, the officer asked him to turn off the engine and take the key out of the ignition. In responding to the officer's inquiry as to where he had come from, defendant pointed in a westerly direction and said he was at a friend's house. The officer observed that defendant smelled of alcohol, was mumbling and hard to understand.

A-1320-18T3

After defendant failed field sobriety tests, he was arrested and charged with DWI and reckless driving. An Alcotest, performed at the police station, produced a blood alcohol content reading of 0.16 %.

Later that day, the officer reviewed the convenience store's surveillance video, which showed defendant pulling into the parking lot at 5:50 a.m. No one exited or entered the vehicle between the time it was parked and the time the officer knocked on the window. The officer memorialized his observations in his police report.

At the municipal court trial, defendant stipulated to the facts and his intoxication, but disputed that he was "operating" the vehicle. Following the trial, the municipal court judge determined defendant was operating the van and found him guilty of DWI in violation of N.J.S.A. 39:4-50.[1]

Defendant appealed to the Law Division, where the court conducted a trial de novo on the record. In a written opinion issued October 17, 2018, the Law Division judge also found defendant guilty. He noted that the officer found defendant in a convenience store parking lot, a business whose purpose is to "grab and go." Defendant was sitting in the driver's seat, the key was in the ignition, and the engine was running. Defendant did not contend he had

---

[1] He was acquitted of the reckless driving charge.

consumed alcohol elsewhere and then came to the parking lot to sleep it off, nor did he claim he had not consumed alcohol until after parking in the lot. The judge concluded there was sufficient circumstantial evidence to demonstrate defendant operated the vehicle while intoxicated.

In this appeal, defendant argues the State has failed to prove he was operating his vehicle while intoxicated.

Our scope of review is limited to whether the conclusions of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). We do "not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)).

We give substantial deference to a trial judge's findings of fact. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Invr's Ins. Co., 65 N.J. 474, 484 (1974)). These findings should only be disturbed when there is no doubt that they are inconsistent with the relevant, credible evidence presented below, such that a manifest denial of justice would result from their preservation. Id. at 412. We owe no deference to the trial judge's

legal conclusions. <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

Defendant contends the State did not prove beyond a reasonable doubt the operation element of the DWI statute. A person is deemed to have been driving while intoxicated if that person "operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug." N.J.S.A. 39:4-50(a). "Actual operation is not required." <u>State v. Ebert</u>, 377 N.J. Super. 1, 10 (App. Div. 2005). "'Operation' may be prove[n] by actual observation of the defendant driving while intoxicated," by defendant's admission, or through circumstantial evidence "indicating that the defendant had been driving while intoxicated." <u>Id.</u> at 10-11 (citations omitted).

Here, the Law Division judge found sufficient circumstantial evidence to prove defendant operated the vehicle, although he ruled the portion of the videotape filmed prior to the officer's arrival was inadmissible. Defendant was found asleep in the van in the parking lot of a convenience store, with the key in the ignition and the engine running. There was no evidence that he had arrived at that location in any other manner but by driving himself; nor did defendant claim otherwise. To the contrary, he informed the officer he had come

from a friend's house. There also was no evidence that defendant consumed alcohol after he parked his van in the lot.

We discern no basis to disturb the judge's decision. He thoroughly reviewed the facts and we are satisfied the record contained sufficient credible evidence to substantiate his finding beyond a reasonable doubt that defendant was operating the vehicle.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1320-18T3