**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3036-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SCOTT DIROMA,

     Defendant-Appellant.

_____

Submitted January 7, 2020 – Decided January 28, 2020

Before Judges Yannotti and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. 19-13.

Scott DiRoma, appellant pro se.

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren R. Casale, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant Scott DiRoma appeals from a January 31, 2019 Law Division order, which found defendant guilty of violating N.J.S.A. 39:3-33 because he

operated his motorcycle with a license plate that was mounted upside down.  We affirm.

On June 22, 2018, defendant was operating his motorcycle on Mount Bethel Road in Warren Township when he was pulled over by a police officer. The officer stopped defendant's motorcycle because his license plate was mounted upside down.  When questioned by the police officer why the license plate was upside down defendant responded, "he thought it was cool," and "[h]e wanted to be different."

As a result, defendant was issued a citation for violating N.J.S.A. 39:3-33, which provides in pertinent part that the owner of a vehicle, including a motorcycle, must display on the vehicle an identification mark or marks furnished by the Division of Motor Vehicles, which "shall be kept clear and distinct and free from grease, dust or other blurring matter, so as to be plainly visible at all times of the day and night."

On de novo review, the Law Division judge found that an upside down license plate is not "clear and distinct" because it frustrates the ability of a law enforcement officer to identify the characters quickly and may cause confusion. The judge also found that in enacting N.J.S.A. 39:3-33, the Legislature did not intend to permit owners of motor vehicles to mount their plates upside down.

2

Because defendant's license plate was upside down, the judge found him guilty of N.J.S.A. 39:3-33 and imposed the municipal court's sentence of a $106 fine and $33 in court costs.

On appeal, defendant argues that the court, as did the police officer, misconstrued N.J.S.A. 39:3-33 because the statute does not prohibit an upside down license plate on a motorcycle because the Legislature drew a distinction between motorcycle and automobile license plates. Defendant also contends the statute is unconstitutionally vague as applied to him because the statute does not provide sufficient clarity as to the prohibited conduct. We disagree.

Our standard of review is limited following a trial de novo in the Law Division conducted on the record and developed in the municipal court. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). In such an appeal, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001). We focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). On a legal determination, in contrast, our review is plenary. State v. Kuropchak, 221 N.J. 368, 383 (2015).

A-3036-18T3

Nevertheless, we will reverse only after being "thoroughly satisfied that the finding is clearly a mistaken one and so plainly unwarranted that the interests of justice demand intervention and correction . . . ." Johnson, 42 N.J. at 162 (internal citations omitted). "We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). Because neither the appellate court nor the Law Division judge is in a good position to judge credibility, the municipal court's credibility findings are given deference. State v. Locurto, 157 N.J. 463, 470-71 (1999).

The rule of deference is more compelling where, as here, both judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citation omitted). Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Id. at 470).

The statute, which identifies various violations relating to the display of identification marks, reads in pertinent part:

The owner of an automobile which is driven on the public highways of this State shall display not less than [twelve] inches nor more than [forty-eight] inches from the ground in a horizontal position, and in such a way as not to swing, an identification mark or marks to be furnished by the division; provided, that if two marks are issued they shall be displayed on the front and rear of the vehicle; and provided, further, that if only one mark is issued it shall be displayed on the rear of the vehicle; and provided, further, that the rear identification mark may be displayed more than [forty-eight] inches from the ground on tank trucks, trailers and other commercial vehicles carrying inflammable liquids and on sanitation vehicles which are used to collect, transport and dispose of garbage, solid wastes and refuse. Motorcycles shall also display an identification mark or marks; provided, that if two marks are issued they shall be displayed in the front and rear of the motorcycle; and provided, further, that if only one mark is issued it shall be displayed on the rear of the motorcycle.

. . . .

All identification marks shall be kept clear and distinct and free from grease, dust or other blurring matter, so as to be plainly visible at all times of the day and night.

[N.J.S.A. 39:3-33 (emphasis added).]

Contrary to defendant's argument, he was not found in violation of the provision of the statute regarding horizontal placement of his license plate. Rather, he was found guilty of failing to comply with the requirement that the plate be clear and distinct.

5

We disagree with defendant's constricted construction of N.J.S.A. 39:3-33 as only applying to automobiles and that motorcycles are "exempt" from the horizontal plate orientation requirement. By its plain and unambiguous terms, N.J.S.A. 39:3-33 applies to identification marks on automobiles and motorcycles. Furthermore, the statute requires a license plate to be "clear and distinct" so as to be "plainly visible at all times of the day and night." Ibid. The upside down mounting of a license plate causes the reader to view characters in reverse order, which would lead to confusion, doubt, and mistake. Moreover, an upside down license plate clearly impedes law enforcement's ability to perform its duties.

Defendant has referred to nothing in the plain language of the statute or its legislative history to warrant a more restrictive meaning. Indeed, the Law Division judge correctly found that "the Legislature did not intend for drivers to mount their license plates upside down because it would impact [l]aw [e]nforcement's ability to protect the public on New Jersey's roads and highways." We agree.

Defendant's remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e).

6

We conclude that defendant's motorcycle was being operated in violation of N.J.S.A. 39:3-33, and accordingly, we affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7