**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4790-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTONIA MCLEOD,
a/k/a ANTONIA L. MCLEOD,

    Defendant-Appellate.

_____

Submitted March 30, 2020 – Decided April 21, 2020

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 006-19.

Law Office of David S. Bradley, LLC, attorneys for appellant (David S. Bradley, of counsel and on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from his conviction for driving under the influence, N.J.S.A. 39:4-50.[1] Defendant pleaded guilty to the offense. The sole argument he raises on appeal is that the arresting officer had no lawful basis to initiate a motor vehicle stop. Defendant contends the Law Division judge erred in denying the motion to suppress as part of the court's de novo review of the municipal court record. We reject defendant's contention and affirm the conviction.

Defendant raises the following contention for our consideration:

---

[1] We note the suspension of driving privileges mandated by N.J.S.A. 39:4-50 was stayed and has remained stayed pending this appeal. In State v. Robertson, the Court noted that the standard for staying the suspension of driving privileges pending Law Division de novo review of a municipal court DUI conviction is different from the standard for staying that sanction during the pendency of a subsequent appeal to the Appellate Division. 228 N.J. 138, 149–50 (2017). The Court added that Rule 2:9-4 "highlight[s] the issues judges should consider when they evaluate an application to stay the suspension of a driver's license." Id. at 150. That rule of appellate practice suggests that a stay would be appropriate only if the case involves a "substantial question that should be determined by the appellate court" and there has been a determination that "the safety of any person or of the community will not be seriously threatened." Ibid. (quoting R. 2:9-4).

We do not believe this appeal raises a substantial question within the meaning of Rule 2:9-4. Furthermore, so far as we can tell from the record before us, no findings were made with respect to the risk defendant poses to himself and others as a result of the delay in effectuating the suspension of his driving privileges during the pendency of this appeal. In any event, the stay is hereby vacated by virtue of our affirmance of defendant's conviction.

A-4790-18T1

THE COURT ERRED IN DENYING THE MOTION TO SUPPRESS BECAUSE THERE WAS NO OBJECTIVELY REASONABLE BASIS TO STOP DEFENDANT'S VEHICLE WHEN THERE WERE TWO WORKING STOPLIGHTS ON DEFENDANT'S VEHICLE.

The motion to suppress was decided on stipulated facts. The officer stopped defendant because he observed that the driver's side brake light was out. It is not disputed that the passenger's side brake light was functioning, as was the high-mounted center brake light.

The sole legal issue before us is whether the officer had reasonable articulable suspicion to believe that defendant's vehicle was being operated in violation of the statute that prescribes the number and location of rear-mounted brake lamps that must be functioning when a vehicle is in operation. See Delaware v. Prouse, 440 U.S. 648, 663 (1979) (requiring that a motor vehicle stop be based on reasonable and articulable suspicion to believe the vehicle is being operated in violation of law, such as a moving or equipment violation).

Defendant contends that the relevant statute, N.J.S.A. 39:3-66.3, only requires that two brake lights be functioning. He thus maintains that the combination of the passenger-side and center-mounted brake lights satisfied the statutory requirement. We disagree.

A-4790-18T1

In support of his argument, defendant seeks to extend the rationale of State v. Sutherland, 231 N.J. 429 (2018). The Supreme Court held that police do not have reasonable suspicion to stop a vehicle based on a non-functioning taillight when another lamp on the same side is working. Id. at 444. In Sutherland, there were a total of four taillights, two on each side. Id. at 432. The vehicle, in other words, was equipped with more taillights than required by law. Id. at 444. Only one of the four was out so that there was a functioning taillight on each side. Id. at 432.

Defendant's reliance on Sutherland is misplaced. That case is distinguishable both on the facts and the applicable statutory law. The plain language of the statute governing brake lights, N.J.S.A. 39:3-66.3, clearly refutes defendant's contention that two working brake lights are all that is needed to comply with the law. That statute provides in pertinent part:

> Every motor vehicle, other than a motorcycle, shall be equipped on the rear with at least two stoplights, one at each side of the vertical centerline at the same height and as far apart as practical . . . .
>
> All passenger automobiles manufactured on or after September 1, 1985, shall, in addition, be equipped with a high-mounted rear stoplight on the vertical centerline.
>
> All multipurpose passenger vehicles, trucks, and modified buses whose overall width is less than 80 inches and whose GVWR is 10,000 pounds or less,

A-4790-18T1

manufactured on or after September 1, 1993, shall, <u>in addition</u>, be equipped with a high-mounted rear stoplight on the vertical centerline.

[(Emphases added).]

Under this statutory framework, there must be a functioning brake light on each side of the vertical centerline as far apart as practical. Vehicles manufactured after 1985 must also have a high-mounted brake light in the center. The Legislature's use of the phrase "in addition" makes clear that a high-mounted center light does not supplant the requirement to have brake lights on each side of the centerline. Therefore, a vehicle must have at least three operating brake lights—one on each side of the vertical centerline and one on the centerline.

In this case, the stipulated record shows that the vehicle did not have a functioning brake light on the driver's side. That circumstance constitutes a clear violation of the statute. Because the arresting police thus had reasonable suspicion to believe a violation of N.J.S.A. 39:3-66.3 was occurring, the motor vehicle stop and ensuing DUI investigation and arrest were lawful.

A-4790-18T1

Affirmed. The stay of the license suspension is hereby vacated.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4790-18T1