**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3466-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD BATTAGLIA,

     Defendant-Appellant.

_____

          Argued December 2, 2025 – Decided March 23, 2026

          Before Judges Susswein and Augostini.

          On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 22-005.

          Scott B. McBride argued the cause for appellant (Lowenstein Sandler LLP, attorneys; Scott B. McBride and Madison Alexis Diaz, on the briefs).

          John E. Horan argued the cause for respondent (Horan & Aronowitz LLP, attorneys; John E. Horan, of counsel and on the brief).

PER CURIAM

Defendant Richard Battaglia appeals from a July 5, 2022 Law Division order affirming on de novo review his municipal court conviction after trial for violating a local ordinance prohibiting public littering, Hanover Township Ordinance ch. 171, § 171-2 (Dec. 9, 1971). Because the trial court failed to ensure that defendant knowingly and voluntarily waived his right to counsel, and because the record does not reflect a valid waiver, we reverse defendant's conviction and remand for a new trial.

I.

We discern the following facts and procedural history from the trial record. Defendant was charged with violating a Hanover Township municipal ordinance that prohibits public littering, stemming from an incident in the Wegmans parking lot.

Sergeant Anthony Vitanza, the State's only witness, was assigned to provide security for Wegmans during the COVID-19 pandemic. Typically, Sgt. Vitanza would sit in a marked police car outside the supermarket and periodically patrol the parking lot. During the afternoon of May 20, 2020, Sgt. Vitanza drove through the lot and observed defendant's car parked near the 24-Hour Fitness Gym, which was closed at the time. No other cars were parked in the lot. Because executive orders issued during the pandemic prohibited

shoppers from loitering, Sgt. Vitanza approached defendant's car and saw a pizza box underneath the car's driver's side.

In response to Sgt. Vitanza's questions, defendant repeatedly denied that the box was his. Nonetheless, Sgt. Vitanza concluded that the pizza box belonged to defendant because it was intact, there were crumbs on defendant's shirt, and there was oil on the bottom of the pizza box, signifying that it had not been there long.

Sgt. Vitanza then told defendant that he was going to check the Wegmans' security camera footage to determine if he had purchased the pizza in the store. Sgt. Vitanza advised defendant that if the footage confirmed that he bought the pizza, defendant would be issued a summons for littering. At that point, defendant admitted the box was his and told Sgt. Vitanza he intended to pick it up when he left. After Sgt. Vitanza's request, defendant disposed of the box by putting it in the back seat of his car.

Two days later, defendant was issued a summons for violating the municipal littering ordinance. Defendant appeared for an initial court appearance on June 15, 2020, and entered a not guilty plea. As to the issue of representation, the court inquired:

> THE COURT: . . . are you going to seek an attorney in this matter, or not?

3

[DEFENDANT]: Oh no.

THE COURT: No?

[DEFENDANT]: No.

THE COURT: Okay. So you're going to represent yourself?

[DEFENDANT]: Yes.

On the complaint, the check-off boxes indicating defendant was advised of his rights by the judge and did not desire counsel were checked.

On December 6, 2021, defendant, self-represented, appeared telephonically for trial. However, it was adjourned to February 22, 2022, due to technical issues that prevented defendant from appearing in person or by video.

At trial, the State presented Sgt. Vitanza's testimony and introduced video surveillance evidence from Wegmans. Defendant, continuing as self-represented, cross-examined Sgt. Vitanza, called the Wegmans security guard, and testified on his own behalf. The municipal court found defendant guilty of violating the littering ordinance and imposed a $500 fine plus court costs of $33. Defendant filed a de novo appeal to the Law Division on his own behalf, contending the State lacked probable cause to arrest him and failed to prove the littering offense beyond a reasonable doubt.

A-3466-21

The Law Division summarized defendant's arguments, which included his assertion as to whether a violation even occurred, He also argued that "the extreme unlawful means employed by an irrational and unstable patrolman who was negligently hired, trained and retained," warranted dismissal of the charge. Defendant did not raise, nor did the Law Division address, the issue of whether he knowingly and voluntarily waived his right to counsel.

After hearing arguments and reviewing de novo the municipal court record, the Law Division affirmed the municipal court's guilty finding and sentence. The Law Division found that Sgt. Vitanza, who was "deemed credible" by the municipal court, "certainly had sufficient grounds to investigate the incident based on his observations" of defendant's car in the lot with the pizza box underneath it. "Considering the circumstantial evidence" as testified to by Sgt. Vitanza, along with defendant's admission, the Law Division found the evidence supported a finding beyond a reasonable doubt that defendant violated the littering ordinance. The Law Division stayed the fine and costs for ten days pending appeal.

Defendant raises the following points for our consideration:

POINT I

THE TRIAL COURT'S FAILURE TO SECURE A
VALID WAIVER PREJUDICED [DEFENDANT'S]

5

FUNDAMENTAL RIGHT TO COUNSEL AND CONSTITUTES PLAIN ERROR.

A. The Right to Counsel at Trial Is Fundamental and May Only be Waived Knowingly and Voluntarily.

B. The Record Fails to Demonstrate a Knowing and Voluntary Waiver of Counsel.

C. The Trial Court's Failure to Secure a Valid Waiver of Counsel Is a Structural Error Requiring Reversal.

D. [Defendant] Was Prejudiced by the Lack of Counsel at a Critical Stage and the Trial Court's Failure to Secure a Valid Waiver.

POINT II

THE STATE FAILED TO ESTABLISH ALL NECESSARY ELEMENTS TO CONSTITUTE A CONVICTION UNDER [HANOVER TOWNSHIP ORDINANCE 171-2].

POINT III

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS EVIDENCE RULINGS, PREJUDICING [DEFENDANT'S] ABILITY TO DEFEND HIMSELF.

A. The Trial Court Excluded Relevant Defense Evidence.

B. The Trial Court Improperly Limited [Defendant's] Cross-Examination and Confrontation Rights.

C. The Trial Court Improperly Admitted Speculative and Unreliable Testimony.

6

POINT IV

THE TRIAL COURT IMPOSED AN EXCESSIVE FINE ON AN INDIGENT DEFENDANT.

A. The Trial Court Failed to Consider Appellant's Ability to Pay Before Imposing the Fine.

B. The $500 Fine is Grossly Disproportionate and Constitutionally Excessive.

II.

A.

"A defendant convicted in municipal court 'may appeal . . . to the Law Division and is entitled to a trial de novo.'" State v. Jang, 478 N.J. Super. 252, 259 (App. Div. 2024) (quoting State v. Robertson, 228 N.J. 138, 147 (2017) citing R. 3:23-1 to -9). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. Robertson, 228 N.J. at 147; State v. Locurto, 157 N.J. 463, 474 (1999); State v. Kuropchak, 221 N.J. 368, 382 (2015). In an appeal from a de novo hearing on the record, we do not independently assess the evidence. Locurto, 157 N.J. at 471. Rather, our review of a Law Division judge's decision is limited to determining whether the findings made by the judge "'could reasonably have been reached on sufficient credible evidence present in the record.'" Id. at 472 (quoting State v. Barone, 147 N.J. 599, 615 (1997)).

7

However, we review a trial court's ruling regarding the applicability or interpretation of laws or court rules de novo.  Jang, 478 N.J. Super. at 258 (citing State v. Dickerson, 232 N.J. 2, 17 (2018)).  We owe no deference to those legal determinations.  State v. Handy, 206 N.J. 39, 45 (2011) ("[A]ppellate review of legal determinations is plenary." (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995))).  Additionally, and relevant here, we only consider issues raised for the first time on appeal if plain error is established.  R. 2:10-2.  Under that standard, we must determine whether any error was "of such a nature as to have been clearly capable of producing an unjust result."  Ibid.

B.

Defendant contends that the municipal court did not secure a knowing and voluntary waiver of his right to counsel as guaranteed by the federal and New Jersey Constitutions as well as required by Rule 7:8-10.  Moreover, defendant contends the denial of counsel was a structural defect in the proceedings and a fundamental error which is not subject to a harmless error analysis.

"Defendant possesses both the right to counsel and the right to proceed to trial without counsel."  State v. DuBois, 189 N.J. 454, 465 (2007).  "The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the

A-3466-21

New Jersey Constitution guarantee criminal defendants the right to counsel," ibid., while the United States Supreme Court has "held that the Sixth Amendment . . . gives criminal defendants the right to proceed without counsel when they voluntarily and intelligently elect to do so," ibid. (citing Faretta v. California, 422 U.S. 806, 818 (1975)).

"Indigent defendants facing imprisonment or other consequences of magnitude [in municipal court proceedings] are [] guaranteed the appointment of counsel without cost 'as a matter of simple justice.'" State v. Patel, 239 N.J. 424, 436 (2019) (quoting Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971) and citing R. 7:3-2(b)). Rule 7:3-2(b) provides, in relevant part that:

> [i]f the court is satisfied that the defendant is indigent and that the defendant faces a consequence of magnitude or is otherwise constitutionally or by law entitled to counsel, the court shall assign the municipal public defender to represent defendant.

"In determining if an offense constitutes a consequence of magnitude . . . the [municipal] judge should consider: (1) [a]ny sentence of imprisonment; . . . [(2)][a]ny monetary sanction imposed by the court of $800 or greater in the aggregate . . . ." Guidelines for Determination of Consequence of Magnitude, Pressler & Verniero, Current N.J. Court Rules, Appendix VII to R. 7:3-2 (2026).

9

Rules 7:3-2 and 7:8-10 must be followed to safeguard a defendant's right to counsel in municipal court. Rule 7:3-2(a) mandates that at defendant's first court appearance,

> the judge shall inform [] defendant of the charges and shall furnish [] defendant with a copy of the complaint or copy of the electronic ATS/ACS record of the complaint, if not previously provided to [] defendant. The judge shall also inform [] defendant of the range of penal consequences for each offense charged, the right to remain silent and that any statement made may be used against [] defendant. The judge shall inform [] defendant of the right to retain counsel or, if indigent, to have counsel assigned pursuant to paragraph (b) of this rule. [] [D]efendant shall be specifically asked whether legal representation is desired and defendant's response shall be recorded on the complaint. If [] defendant is represented at the first appearance or then affirmatively states the intention to proceed without counsel, the court may, in its discretion, immediately arraign [] defendant pursuant to [Rule] 7:6-1.
>
> [(Emphasis added).]

In order to ensure a knowing and voluntary waiver of counsel, Rule 7:8-10 prescribes as follows:

> In all cases other than parking cases, a request by a defendant to proceed to trial without an attorney shall not be granted until the judge is satisfied from an inquiry on the record that [] defendant has knowingly and voluntarily waived the right to counsel following an explanation by the judge of the range of penal consequences and an advisement that [] defendant may

have defenses and that there are dangers and disadvantages inherent in defending oneself.

These rules are in accord with our constitutional protections and principles assuring defendants the right to counsel or a knowing and intelligent waiver of that fundamental right.

At defendant's first appearance on June 15, 2020, the court informed him that he was charged with a littering ordinance violation, but the record does not specifically reflect that defendant was advised of the range of penal consequences. If convicted of this littering violation, defendant faced a maximum fine of up to $1,000 and ninety days of jail time—qualifying as consequences of magnitude. Ch. 171, § 171-2. Thus, if indigent, defendant would have been eligible for the assignment of the municipal public defender.

The court generally inquired of defendant if he intended to "seek an attorney in the matter;" however, it failed to specifically advise him of his right to retain counsel, or if indigent, to have the municipal public defender assigned to represent him given that he was facing consequences of magnitude if convicted. Nor did the court alert defendant to the "dangers and disadvantages" of self-representation or provide any information regarding the risks in proceeding without counsel. R. 7:8-10; State v. Crisafi, 128 N.J. 499, 509-10 (1992); DuBois, 189 N.J. at 468.

11

At the next scheduled hearing on December 6, 2021, defendant appeared telephonically, stating he was "appearing for myself." The court advised defendant:

> THE COURT: Alright, Mr. Battaglia, we're going to have a trial, at which point the State is going to produce evidence, and you're going to have an opportunity to cross-examine and present your own –
>
> [DEFENDANT]: Yes.
>
> THE COURT: -- case. But I want to make sure that you understand that you have no duty or no . . . burden of proof. Only the State has the burden of proof in this case, and it's beyond a reasonable doubt. Do you understand?
>
> [DEFENDANT]: Yes, thank you, Judge.
>
> . . . .
>
> THE COURT: At the end of the case, [i]f I should find against you, you have a right to appeal, as you would in any [c]riminal [c]ourt. In order, in order to appeal, you have to order a copy of the trial transcript and make $100 application fee, within 20 days. Do you understand that?
>
> [DEFENDANT]: Yes.
>
> THE COURT: If you do that, your matter will then be reviewed by a Superior Court judge in Morristown. Do you understand?
>
> [DEFENDANT]: Um, yes.

A-3466-21

Once again, the court did not inquire as to whether defendant wanted legal representation or if he understood the challenges he might face representing himself at trial.

On February 22, 2022, the rescheduled trial date, the court mentioned specifically for the first time before trial began defendant's right to counsel:

> You have the right to the services of the public defender, but it's not unlimited. I note that [] defendant . . . is not represented by the public defender in this instance. . . . [T]he public defender is available, if . . . your potential penalties . . . [include] a $750.00 fine or more. . . . There is also, incidentally, a $200 statutory fee, for the services of the public defender . . . [which] can be waived in situations of hardship, so if you want to seek a waiver, you need to do that before we start the case, and I'll give you the opportunity to.

This explanation, however, fell short because the court had not advised defendant of his potential penal exposure if found guilty.

Then, immediately before the State presented its case, the following exchange occurred:

> THE COURT: Who . . . speaks for you, Mr. Battaglia?
>
> [DEFENDANT]: . . . I'm here on my own behalf.
>
> . . . .
>
> THE COURT: Okay.

No further colloquy took place regarding defendant's right to counsel.

13

A-3466-21

The municipal court erred in two critical respects. First, the court erred by merely accepting defendant's statement that he was representing himself and by not "specifically ask[ing]" him "whether legal representation [was] desired" as required by Rule 7:3-2(a). The court further erred by not complying with the self-representation protocol mandated by Rule 7:8-10 to secure a valid waiver of counsel. In accordance with Rule 7:8-10, the court did not advise defendant of the range of penal consequences, that he may have defenses, and of the "dangers and disadvantages inherent in defending oneself."

Because defendant was facing consequences of magnitude, he was eligible for the appointment of a public defender if indigent. Without advising him of those potential consequences, the court's explanation of the right to counsel was incomplete. The court was obligated to directly advise defendant that because of the penal consequences he faced if found guilty, he was eligible for the appointment of a public defender, provided he was indigent, and explain the application process to him. R. 7:3-2(a). Because that did not occur, we hold that the court's explanation of defendant's eligibility for the appointment of counsel if indigent was deficient.

The court did not make the necessary finding under Rule 7:8-10 that it was "satisfied from an inquiry on the record that [] defendant [had] knowingly

14

and voluntarily waived [his] right to counsel following [such] an explanation." We are unable to discern from this record whether defendant's waiver of the right to counsel was a knowing and voluntary decision.

The State argues that if defendant desired legal representation, then he was likely to have raised it either before the municipal court or the Law Division. Even though defendant did not indicate that he wanted legal counsel, we are not satisfied that he fully understood and knowingly waived this fundamental right based on the record before us. State v. Guerin, 208 N.J. Super. 527, 533 (App. Div. 1986) ("Courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights and will not presume their loss by acquiescence."). Only with a "searching inquiry" can a court be assured that a defendant is making an informed decision to waive counsel. Id. at 534 (quoting United States v. Welty, 674 F.2d 185,189 (3rd Cir. 1982)). The record in this case is void of such an inquiry.

Here, because the court failed to secure a knowing and intelligent waiver of defendant's right to counsel, as required by Rules 7:3-2 and 7:8-10, we must vacate the judgment against defendant and remand for a new trial. We need not analyze whether that failure was prejudicial. We also need not address the rest of the issues raised by defendant on appeal.

A-3466-21

At the remand hearing, the assigned judge shall first address the representation issues in compliance with Rules 7:3-2(a) and 7:8-10. We take no position on the merits of the case.

Vacated and remanded for a new trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3466-21