**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2295-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VINCENT R. CHILES,

    Defendant-Appellant.

_____

> Submitted March 26, 2020 – Decided April 22, 2020
>
> Before Judges Alvarez and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 18-1.
>
> Vincent R. Chiles, appellant pro se.
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Natacha Despinos-Peavey, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Vincent R. Chiles appeals from the November 15, 2017 order of the Law Division convicting him after a trial de novo of failure to observe a traffic signal, N.J.S.A. 39:4-81. We affirm.

I.

The following facts are derived from the record. Defendant does not dispute that on September 19, 2016, he was operating a vehicle traveling west on Route 22 in Somerset County. He admits that as he approached an intersection, the light turned yellow, and that he applied the brakes but was unable to stop the vehicle before it entered the intersection. According to defendant, he was unable to stop before entering the intersection because the road was slick. He concedes that after the vehicle entered the intersection, he was unable to back the vehicle out of the intersection because another vehicle had pulled up behind him and stopped for the then-red light.

Defendant argues his entry of the intersection did not constitute a failure to observe a traffic signal in violation of N.J.S.A. 39:4-81 because the light was yellow, not red, when he approached and entered the intersection. In addition, he argues the events in question did not take place in Greenbrook Township, where he was ticketed and convicted. While the State contends defendant entered the intersection of Route 22 West and Warrenville Road, which is in

A-2295-17T2

Greenbrook, defendant argues he entered the intersection of Route 22 West and Rock Road. That intersection is partially in Greenbrook and partially in North Plainfield Borough. Defendant contends he was operating his vehicle on Route 22 West in North Plainfield when the light turned yellow and stopped his vehicle before it entered the portion of the intersection in Greenbrook. Thus, he argues, the ticketing officer, Greenbrook Police Chief Christopher Kurz, lacked authority to issue his citation and the Greenbrook municipal court lacked jurisdiction to adjudicate his violation.

Finally, defendant argues the municipal court judge, municipal prosecutor, and Kurz, the State's only witness, met in the judge's chambers shortly before the start of trial. The record does not contain a transcript of the alleged meeting. Defendant speculates the alleged meeting facilitated false testimony by Kurz with respect to the location of the incident.

During the municipal court trial, Kurz, a twenty-eight-year veteran of the Greenbrook Police Department, testified in detail with respect to having observed defendant operate his vehicle as it entered the intersection of Route 22 West and Warrenville Road when traffic in the direction of defendant's travel was stopped, and opposing traffic had a green light. He testified that defendant's vehicle was approximately two car lengths into the intersection impeding the

flow of opposing traffic attempting to turn onto Route 22 East. Kurz testified opposing traffic had to stop because of the location of defendant's vehicle, causing drivers to activate their horns. Kurz observed defendant's unsuccessful attempt to back his vehicle out of the intersection, leaving the vehicle about a car's length in the intersection. Kurz testified that based on his knowledge and experience, defendant was either "traveling too quickly for conditions or [was not] paying attention at the time that the traffic light cycled."

Defendant also testified. He denied that his entry into the intersection took place in Greenbrook. He also testified that his vehicle was "just a few feet beyond the barrier" at the intersection of Rock Road in North Plainfield when the light was red.

The municipal court judge, having had the opportunity to evaluate the testimony of the witnesses, found Kurz's testimony with respect to the intersection to be credible. The judge based his credibility determination, in part, on Kurz's twenty-eight years of experience travelling the roads of Greenbrook as a police office. Noting that defendant's testimony, apart from disputing the location of the incident, "in every other way, shape[,] or form does indicate a violation of" N.J.S.A. 39:4-81, the municipal court judge found

defendant violated the statute beyond a reasonable doubt. The municipal court imposed fines and court costs.

Following a trial de novo in the Law Division, Judge Bradford M. Bury convicted defendant of violating N.J.S.A. 39:4-81. After reviewing the testimony adduced in the municipal court, Judge Bury concluded there was sufficient reliable evidence supporting the municipal court's determination that Kurz's identification of the location of the offense was credible. In addition, Judge Bury found the record contained sufficient evidence on which to conclude defendant was guilty beyond reasonable doubt of violating N.J.S.A. 39:4-81. With respect to defendant's argument that his operation of the vehicle did not constitute a violation of N.J.S.A. 39:4-81, Judge Bury noted defendant failed to cite "any case law that would suggest entering the intersection by whether it's one car length or two car lengths, but crossing what is traditionally called the stop line when the traffic light is red does not constitute a violation of [N.J.S.A. 39:4-81]".

On November 15, 2017, Judge Bury entered an order convicting defendant of violating N.J.S.A. 39:4-81 and affirming the penalties imposed by the municipal court.

A-2295-17T2

This appeal followed. Defendant raises the following arguments for our consideration:

> LEGAL ARGUMENT 1
>
> I. THE GREENBROOK TOWNSHIP MUNICIPAL COURT JUDGE, M. FEDUN[,] J.M.C., WAS IN ERROR WHEN HE DECIDED ON MARCH 22, 2017, THAT DEFENDANT (VINCENT R. CHILES) WAS GUILTY OF RUNNING A RED LIGHT ON SEPTEMBER 19, 2016. NO SUCH VIOLATION WAS COMMITTED BY THE DEFENDANT. SO, THE CONVICTION OF VIOLATING [N.J.S.A.] 39:4-81 SHOULD BE VACATED/DISMISSED WITH PREJUDICE.
>
> II. THE JUDGE LACKED JURISDICTION IN CONTRADICTION TO N.J.S.A. 39:5-3(c). ALLEGED VIOLATION OCCURRED AT ROCK AVENUE AT ROUTE 22 WEST, NORTH PLAINFIELD, NOT GREENBROOK TOWNSHIP. THEREFORE, JUDGE FEDUN LACKED THE LEGAL AUTHORITY TO RENDER A DECISION IN THE MATTER FOR HE LACKED JURISDICTION. STATE OF NJ V. MARK LIEBESKIND PAGE 15 OF 18.
>
> III. JUDGE, PROSECUTOR AND OFFICER ACTED IMPROPERLY. JUDGE FEDUN, PROSECUTOR GLICOS AND CHIEF KURZ ARE GUILTY OF MISCONDUCT AND TAINTING THE TRIAL BY MEETING IN THE JUDGE'S CHAMBERS FOR SEVERAL MINUTES BEFORE COMING OUT TO COMMENCE THE TRIAL, AFTER, [SIC] MY REFUSAL TO ACCEPT CHIEF KURZ['S] "DEAL" IN THE CONFERENCE ROOM.

6

LEGAL ARGUMENT 2

I. THE SUPERIOR COURT JUDGE AT THE TRIAL DE NO VO [SIC] WAS WRONG IN FINDING THE DEFENDANT (VINCENT R. CHILES) GUILTY OF VIOLATING [N.J.S.A.] 39:4-81. NO SUCH VIOLATION WAS COMMITTED ON SEPTEMBER 19, 2016, WITHIN THE TOWNSHIP OF GREENBROOK; THE CONVICTION FOR VIOLATING [N.J.S.A.] 39:4-81 SHOULD THEREFORE BE VACATED/DISMISSED WITH PREJUDICE.

II.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

We do not, however, independently assess the evidence. State v. Locurto, 157 N.J. 463, 471-72 (1999). "Our standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (internal quotation marks and citation omitted).

The rule of deference is more compelling where, as here, the municipal and Law Division judges made concurrent findings. Locurto, 157 N.J. at 474.

A-2295-17T2

"Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). But, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Having carefully reviewed the record in light of these precedents, we find no basis to overturn the credibility determinations of both the municipal court judge and the Law Division judge. Both judges found Kurz's testimony that defendant's motor vehicle violation took place at the Warrenville Road intersection in Greenbrook was credible. The record contains evidence of Kurz's twenty-eight years of experience as an officer in Greenbrook, which Judge Bury noted, "is not a large municipality." It was certainly reasonable for the judges to have concluded that Kurz would be more familiar with the roads in the

township than defendant. Notably, the ticket completed by Kurz at the time of the stop states the location of the offense as Warrenville Road and Route 22.[1]

We also conclude the record contains ample evidence defendant violated N.J.S.A. 39:4-81. According to that statute "[t]he driver of every vehicle . . . shall obey the instruction of any official traffic control device . . . ." N.J.S.A. 39:4-81(a). A "[r]ed" signal "means traffic to stop before entering the intersection . . . and remain standing until green is shown alone . . . ." N.J.S.A. 39:4-105. Kurz, whose testimony was found credible by both judges, testified defendant's vehicle entered the intersection when other vehicles traveling in his direction were stopped and opposing traffic had a green signal. This testimony, the obvious import of which is that defendant entered the intersection against a

---

[1] We note that N.J.S.A. 39:5-3(c), which concerns prosecutions for violations of Title 39, provides that "[a]ll proceedings shall be brought before a judge having jurisdiction in the municipality in which it is alleged that the violation occurred, but when a violation occurs on a street through which the boundary line of two or more municipalities runs or crosses, then the proceeding may be brought before the judge having jurisdiction in any one of the municipalities divided by said boundary line . . . ." (emphasis added). In light of our holding affirming the judges' findings that defendant's violation occurred in Greenbrook we need not decide whether Kurz and the Greenbrook municipal court would have had authority to adjudicate defendant's violation even if it occurred at the Rock Avenue intersection, through which the municipal boundary crosses at Route 22 West. See State v. Williams, 136 N.J. Super. 544, 551 (Law Div. 1975) ("N.J.S.A. 39:5-3 does give a municipal policeman territorial jurisdiction over the entire road which forms the boundary between two neighboring municipalities.")

red light, along with defendant's admission that his vehicle was in the intersection after the light turned red, was sufficient to find him guilty of a violation of N.J.S.A. 39:4-81 beyond a reasonable doubt.

Defendant's argument with respect to the alleged meeting of the municipal court judge, municipal prosecutor, and Kurz was not raised in the municipal court. The transcript of the municipal court trial contains no suggestion such a meeting took place. Defendant's representations with respect to the meeting and his speculation as to what transpired in the meeting, are not supported by an affidavit or certification. The record before us contains no basis on which to disturb defendant's conviction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2295-17T2