**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4550-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN LIM,

     Defendant-Appellant.

_____

Submitted April 22, 2020 – Decided May 13, 2020

Judges Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 18-23.

The Hernandez Law Firm, PC, attorney for appellant (Thomas Michael Cannavo, of counsel and on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jonathan Lim appeals his Law Division conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50. We affirm, substantially for the reasons set forth in Judge Michael T. Collins' thoughtful and comprehensive written opinion dated June 6, 2019.

On July 23, 2017, Officer Matthew Chester of the Harvey Cedars Police Department answered a phone call from an anonymous caller who reported seeing a man leave the beach wearing nothing but a jacket, get into a white truck and drive west. The caller also said he saw the driver run a red light. Officer Chester left the station in an unmarked patrol car to investigate.

Officer Chester found a white truck in the area, stopped in the middle of the road and facing the wrong direction. The truck was about fifty feet away when the officer saw defendant in the driver's seat. Officer Chester decided to back up and drive around the block rather than approach the truck head on. As the officer approached the truck, he saw defendant adjusting himself in the passenger seat while a female, later identified as Susan Elliott, walked from the passenger side to the driver's side of the truck. The officer believed defendant and Elliott were switching seats. He asked both parties for identification.

During the stop, the officer observed that defendant had bloodshot, glassy eyes and was slouched over in the passenger seat, wearing nothing but a jacket

covering his waist area. Defendant's speech was slurred, and the officer detected an odor of alcohol emanating from inside the truck. Although Elliott initially claimed she drove the truck and defendant adamantly denied driving, Elliott eventually admitted defendant drove the truck. Officer Chester then asked defendant to step out of the truck to perform field sobriety tests (FSTs). The FSTs were captured on the officer's dash-cam recorder. Defendant was arrested for DWI after he failed these tests.

Defendant was transported to the Ship Bottom Police Department to submit to an Alcotest. Patrolman Anthony Abbatemarco commenced the twenty-minute observation period for the Alcotest and noted the start time of the observation period was 9:02 p.m. and that it concluded at 9:22 p.m. Officer Chester also observed defendant during this period. Based on the results of the Alcotest, defendant's BAC was 0.12%. He received summonses for DWI, careless driving, N.J.S.A. 39:4-97 and reckless driving, N.J.S.A. 39:4-96.

Defendant requested adjournments for his initial municipal court dates and requested a waiver of his appearance for an October 2017 court date. In December 2017, defendant requested and received another adjournment to hire an expert. In February 2018, defendant advised that his expert was unavailable for a scheduled April 2018 trial date and he received another postponement. The

next trial date in May 2018 was adjourned due to the unavailability of the assigned judge, and the matter was rescheduled to September 17, 2018.

Prior to the rescheduled trial date, defendant filed a motion to suppress and a motion to dismiss for lack of a speedy trial. These motions were denied. Defendant also moved to exclude his Alcotest results, claiming the State committed a discovery violation by failing to produce videos of the interior lobby and hallway of the Ship Bottom Police Department. The municipal court conducted an N.J.R.E. 104 hearing to address the admissibility of the Alcotest readings. Following the hearing, the municipal judge admitted these readings and rejected defendant's argument that the requested videos, if they existed, were relevant or material to his defense. The trial commenced but was adjourned at defendant's request.

On October 22, 2018, defendant was found guilty of DWI and careless driving, but found not guilty of reckless driving. The judge noted this was defendant's fifth conviction for DWI but would be treated as a third conviction. Accordingly, on the DWI conviction, defendant was sentenced to a $1006 fine, $33 court costs, $75 VCCO, $55 SNSF and a $225 surcharge. Defendant also was sentenced to a driver's license suspension of ten years and the installation of an ignition interlock device for twelve years concurrent to the license

suspension, plus twelve hours of detainment at an Intoxicated Driver Resource Center (IDRC). Additionally, defendant received a mandatory 180-day jail term, 90 days of which could be served at an approved inpatient program. On the careless driving conviction, the municipal judge imposed a $156 fine and $33 court costs. At defendant's request, the judge stayed his incarceration pending appeal.

After defendant's de novo trial in the Law Division, he again was found guilty of DWI and careless driving. Judge Collins found the sentence for the latter conviction should merge with the sentence for defendant's DWI and imposed the same jail term, license suspension, ignition interlock installation and IDRC requirements as the municipal judge.

On appeal, defendant presents several arguments for our consideration, which were considered by Judge Collins, as follows:

POINT I

THE LAW DIVISION ERRED IN FAILING TO DE NOVO DISMISS THE CHARGES AGAINST THE DEFENDANT FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL.

POINT II

THE LAW DIVISION ERRED IN DENYING THE MOTION TO SUPPRESS. EVEN IF THE INITIAL DETENTION OF DEFENDANT WERE

A-4550-18T3

UNLAWFUL, THE PROLONGED DETENTION BEFORE HE WAS ORDERED OUT OF THE CAR CONSTITUTED A DE FACTO ARREST NOT SUPPORTED BY PROBABLE CAUSE.

## POINT III

THE LAW DIVISION ERRED IN FAILING TO FIND A DISCOVERY VIOLATION AND EXCLUDE THE ALCOTEST READINGS. IN THE ALTERNATIVE, PURSUANT TO [RULE] 7:7-7, DESTRUCTION OF THE IN-STATION OR OTHER RELEVANT DWI VIDEO OR FAILURE TO PRESERVE SUCH RELEVANT EVIDENCE IS A DISCOVERY VIOLATION MANDATING AT LEAST AN ADVERSE INFERENCE AGAINST THE STATE.

## POINT IV

THE LAW DIVISION ERRED IN FAILING TO FIND A TWENTY MINUTE OBSERVATION VIOLATION. THUS, THE ALCOTEST READINGS SHOULD [BE] EXCLUDED AND DEFENDANT [ACQUITTED] OF THE PER SE PRONG OF THE DWI OFFENSE.

## POINT V

THE LAW DIVISION ERRED IN FINDING DEFENDANT GUILTY DE NOVO OF THE OBSERVATIONAL PRONG OF THE DWI STATUTE AND FINDING OPERATION BEYOND A REASONABLE DOUBT.

A-4550-18T3

Following a careful review of the record, we conclude defendant's arguments lack merit. Except as addressed below, they do not warrant discussion in a written opinion. R. 2:11-3(e)(2).

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017). Unlike the Law Division, however, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471-72 (1999). Our "standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (citation omitted).

The rule of deference is more compelling where, as here, the municipal and Law Division judges made concurrent findings. Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. "Therefore, appellate review of the factual and credibility findings of the

municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

Unless there is an obvious and exceptional showing of error, we will not disturb the Law Division's findings when the municipal court and Law Division "have entered concurrent judgments on purely factual issues." Ibid. (citing Locurto, 157 N.J. at 474). But, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Governed by these principles, we are satisfied Judge Collins comprehensively and correctly addressed defendant's arguments in his June 6, 2019 opinion. Further, before he found defendant guilty of DWI and imposed the same sentence as the municipal judge, Judge Collins found a review of the dash-cam video of the stop was "critical in reaching [his] findings as to the results of the FSTs." Judge Collins added, "[Officer] Chester's observations throughout the entire encounter with [d]efendant satisfy the burden of proof necessary to convict [d]efendant with driving while intoxicated."

A-4550-18T3

Given our standard of review, we perceive no basis to disturb Judge Collins' finding that defendant was guilty of DWI as it was supported by overwhelming credible evidence in the record.

Affirmed. To the extent the stay of the custodial portion of defendant's sentence remained in effect pending his de novo appeal, it now is vacated. The trial court shall administer the implementation of the sentence in the ordinary course.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4550-18T3