**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5109-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD E. LYNCH,

     Defendant-Appellant.

_____

Submitted June 2, 2020 – Decided July 7, 2020

Before Judges Fisher and Accurso.

On appeal from an order of the Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 6207.

Richard E. Lynch, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Richard E. Lynch was convicted of driving while intoxicated, executing an unsafe lane change, failing to signal a turn, and having a cold, partially consumed, open container of beer in his car. He appeals, contending the State failed to provide him full discovery; denied him his Sixth Amendment right to confront the officer who issued him the first ticket for an unsafe lane change; that the dismissal of that ticket destroyed "probable cause," requiring the dismissal of all the other charges; that the municipal prosecutor "perjured himself in order to obtain an extension"; and that the trooper who stopped him "perjured himself and his credibility should be questioned."

Judge Sokalski carefully addressed and rejected each of defendant's arguments. Having reviewed the entire record ourselves, we are convinced that none of defendant's arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Accordingly, we affirm for the reasons expressed in the judge's oral opinion delivered from the bench on June 13, 2019. We add only the following.

Defendant was stopped at two in the morning off the Route 20/Interstate 80 ramp when Trooper Dellagicoma saw defendant's Range Rover unable to maintain its lane and fail to signal. When defendant opened a window to hand

2

over his credentials, the trooper smelled alcohol. As defendant was getting out of the car at the trooper's request, the Range Rover started to roll forward and the trooper had to tell defendant to put the car in park before he got out. Defendant failed the roadside sobriety tests and subsequently scored .11 on the Alcotest.

Defendant initially represented himself, and there were a number of disputes over discovery he claimed the prosecutor failed to provide him. He was eventually convicted in municipal court on two charges of failing to maintain a lane, driving while intoxicated, reckless driving, having an open container and failing to signal a turn. On defendant's 2018 appeal to the Law Division, Judge Sokalski vacated defendant's convictions and remanded for a new trial before a different judge, because he found the municipal court judge failed to conduct a searching inquiry as to whether defendant intelligently and knowingly waived his right to counsel.

Although Judge Sokalski ordered the retrial to occur within seventy-five days, additional discovery disputes during the period in which defendant was again representing himself made that timeframe difficult for the State. The municipal prosecutor asked Judge Sokalski for an extension, which was granted. It was in connection with this extension that defendant claims the

A-5109-18T4

prosecutor "perjured himself," because the reasons he gave the municipal judge for seeking the extension were not the same as those supporting his request to Judge Sokalski.

Defendant eventually retained counsel on the remand, and the discovery disputes were resolved. Judge Sokalski noted in his decision that defendant's counsel identified certain outstanding issues relating to the discovery in July 2018, which he advised the municipal court judge he would work out with the prosecutor. The municipal judge queried counsel again at an on-the-record conference in October about whether he had all the discovery he was seeking. When counsel stated he was still awaiting CAD records, the prosecutor advised they had already been provided to defendant at least three times already. Desirous that there be no further questions about discovery, the judge asked whether the prosecutor had another copy with him. When advised he did, the judge ordered the prosecutor to turn it over to counsel in open court, which was done. When the court asked whether there was anything else, defense counsel responded, "[t]hat's it for me, judge."

Defendant's counsel retained an expert who testified at a N.J.R.E. 104 hearing at which the municipal court admitted the Alcotest records. Defendant's counsel cross-examined the trooper at length, both at the hearing

4

and at trial, including on a handwritten time entry on the "potential liability warning" the trooper issued to the individual who picked defendant up at the barracks on his release from custody. Defendant's claim that the trooper perjured himself is grounded in the trooper's testimony interpreting his own writing on that document.

The municipal judge found the trooper's testimony "very credible" and found defendant guilty of driving while intoxicated, two charges of unsafe lane change based on sequentially numbered tickets, failure to signal and consumption of alcohol by a driver based on the open container when alone in his car. The judge found the evidence insufficient to support the charge of reckless driving.

On trial de novo in the Law Division, defendant was again self-represented. Among the issues he raised was the municipal judge having convicted him on the two sequentially numbered tickets for unsafe lane change, the first of which was supposedly issued over an hour before the stop for drunk driving and signed by a Trooper Kerns who did not testify at trial. When defendant stated on the record that he was never pulled over by a Trooper Kerns, Judge Sokalski dismissed the first sequentially numbered ticket for unsafe lane change.

5

Defendant, however, continued to argue the point. He maintained, as he does on appeal, that the first "Kerns" ticket, issued for a stop in the "exact same location," but an hour earlier, was what the State "used for probable cause" and without it, there was no basis for Trooper Dellagicoma's stop and the charges that followed. Defendant also argued, as he does on appeal, that the State deliberately failed to turn over a copy of the Kerns ticket because Trooper Kerns' testimony and video from his troop car, also not turned over in discovery, "could have exonerated" defendant. Defendant further maintains the State's failure to call Trooper Kerns denied him his Sixth Amendment right to confront the witness.

Judge Sokalski rejected those arguments because defendant admitted in response to the court's questions that he was never stopped by "Trooper Kerns." The only stop was by Trooper Dellagicoma, who testified he was riding alone. Judge Sokalski also noted that defendant had been aware of the first ticket since at least five months before the retrial. The judge quoted a colloquy between defendant and the municipal court judge at an on-the-record conference in July 2018, when defendant was representing himself, in which defendant referred to the Kerns ticket as "a mystical charge that just appeared." The municipal court judge confirmed that it was a second ticket for unsafe lane

change, that the two appeared "repetitive," and that the issue could be addressed at trial.

Judge Sokalski found that despite being aware of the Kerns ticket, neither defendant nor his counsel sought the identity of the trooper in discovery and did not address the issue on the retrial. Relying on State v. Stein, 225 N.J. 582, 599 (2016), holding a "[d]efendant may not remain silent on a discovery violation known to him in municipal court and strategically calculate that he can bring it to life in a trial de novo before the Law Division," the judge found no discovery violation by the State in connection with the Kerns ticket. The judge further found that dismissal of that ticket, which was apparently generated in error, had no effect on the basis of Trooper Dellagicoma's stop, namely, his credible observations of defendant's unsafe lane change and failure to signal.

We review the Law Division's findings in a trial de novo to determine "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). The Law Division's legal rulings, we review de novo. State v. Kuropchak, 221 N.J. 368, 383 (2015). The Supreme Court has instructed that when two courts "have entered concurrent

A-5109-18T4

judgments on purely factual issues," as here, an appellate court should not ordinarily alter those "findings of facts and credibility determinations . . . absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999).

Applying those standards here, we find no error at all and affirm defendant's convictions substantially for the reasons expressed by Judge Sokalski in his careful and comprehensive opinion from the bench.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5109-18T4