**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1445-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

NOEL CARRERO,

    Defendant-Respondent.

_____

> Argued January 4, 2022 – Decided February 10, 2022
>
> Before Judges Fisher and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal No. 09-20.
>
> Stephanie Davis Elson, Assistant Prosecutor, argued the cause for appellant (Esther Suarez, Hudson County Prosecutor, attorney; Stephanie Davis Elson, on the brief).
>
> Joshua H. Reinitz argued the cause for respondent (Iacullo, Martino, Machtemes & Reinitz, attorneys; Joshua H. Reinitz, of counsel and on the brief).

PER CURIAM

Plaintiff State of New Jersey appeals from the sentence imposed on defendant Noel Carrero by the Law Division after entry of his guilty plea to driving while intoxicated (DWI), contrary to N.J.S.A. 39:4-50. The State argues that the trial court erred by retroactively applying an amendment to the sentencing provisions of N.J.S.A. 39:4-50(a)(1)(i), enacted prior to – but which took effect after – defendant's offense. We agree with the State's arguments, vacate the sentence imposed by the Law Division, and reinstate the sentence imposed by the municipal court, which was consistent with the pre-amendment sentencing provisions of N.J.S.A. 39:4-50(a)(1)(i).

I.

On October 26, 2019, defendant operated a vehicle in Guttenberg while intoxicated. On March 3, 2020, he entered a guilty plea to DWI. Although this was defendant's second such conviction, he was eligible to be sentenced as a first-time offender because ten years had passed between his first and second offenses. See N.J.S.A. 39:4-50(a)(3).

Defendant moved before the municipal court to be sentenced in accordance with an amendment to N.J.S.A. 39:4-50(a)(1)(i) enacted in August 2019. Prior to the amendment, the statute provided that a person convicted of a first DWI offense "shall forthwith forfeit his right to operate a motor vehicle

over the highways of this State for a period of three months . . . ." L. 2014, c. 54, § 2. On August 23, 2019, the Governor enacted L. 2019, c. 248, § 2, which amended N.J.S.A. 39:4-50(a)(1)(i) to provide that a person convicted of his first DWI offense "shall . . . forfeit the right to operate a motor vehicle over the highways of this State until the person installs an ignition interlock device in one motor vehicle the person owns, leases, or principally operates, whichever the person most often operates, for the purpose of complying with" N.J.S.A. 39:4-50.16 to -50.18. The ignition interlock device shall remain in place for three months. N.J.S.A. 39:4-50.17(a)(1)(a).

Section 7 of L. 2019, c. 248 provides that the amendment to N.J.S.A. 39:4-50(a)(1)(i) "shall take effect on the first day of the fourth month after enactment and shall apply to any offense occurring on or after that date . . . ." The first day of the fourth month after enactment of the amendment was December 1, 2019, a little more than a month after defendant committed his offense.

The municipal court denied defendant's motion. The court rejected the argument that because the amendment to N.J.S.A. 39:4-50(a)(1)(a) was curative in nature it should be applied retroactively to offenses that occurred after the enactment of the amendment, but prior to the December 1, 2019 effective date. The court found Section 7 of L. 2019, c. 248 to be an unequivocal expression of

the Legislature's intent to apply the new sentencing provisions only to defendants who commit DWI offenses on or after December 1, 2019. The municipal court sentenced defendant, in addition to penalties not at issue here, to a three-month suspension of his driving privileges.

Defendant filed an appeal in the Law Division, challenging only the suspension of his driving privileges. He argued that the municipal court erred by not retroactively applying the amendment to N.J.S.A. 39:4-50(a)(1)(i) at sentencing. The Law Division stayed the suspension of defendant's driving privileges during the pendency of his appeal. See State v. Robertson, 228 N.J. 138, 150-152 (2017).

On January 29, 2021, the Law Division issued a written opinion in which it concluded that the amendment to N.J.S.A. 39:4-50(a)(1)(i) could, at defendant's election, be applied to him because it was intended to be ameliorative. The court reasoned that, despite the unequivocal text of Section 7, because the severity of the sentence for a first DWI offense was, in effect, lessened by the amendment, defendants who committed offenses after enactment of the amendment but prior to its effective date should receive the benefits of the less harsh penalty. The court vacated the three-month suspension of driving privileges imposed by the municipal court and sentenced defendant as follows:

"[Defendant] shall cease the operation of his motor vehicle until an ignition interlock device is installed and shall remain installed for a period of three months. . . . There is no license suspension." The court stayed defendant's sentence pending appeal.

This appeal followed. The State makes the following argument:

> THE LAW DIVISION ERRED IN FINDING THE NEW DWI SENTENCING PROVISIONS RETROACTIVELY APPLICABLE TO DEFENDANT.

II.

In an appeal from a municipal court conviction our "review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting State v. Locurto, 157 N.J. 463, 470 (1999)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

The factual predicate for defendant's guilty plea is not in dispute. The State raises only the legal question of whether the Law Division erred when it sentenced defendant in accordance with the 2019 amendment to N.J.S.A. 39:4-50(a)(1)(i). The State argues that the Legislature unambiguously expressed its

intention that the amended sentencing provisions be applied prospectively to offenses occurring on or after December 1, 2019. Thus, the State argues, the presumption that an ameliorative statute applies retroactively, which is considered only when it is necessary to divine legislative intent with respect to retroactivity, is not applicable here.

In addition, the State argues, even if we were to find ambiguity in the effective date provision of L. 2019, c. 248, the trial court's analysis is flawed because the amendment to the sentencing provisions of N.J.S.A. 39:4-50(a)(1)(i) was not ameliorative, as it was not designed to "mitigat[e] a legislatively perceived undue severity in the existing criminal law." See State v. Chambers, 377 N.J. Super. 365, 375 (App. Div. 2005) (quotations omitted). Instead, the sentencing provisions of the statute were amended to prevent and reduce alcohol-related crashes caused by defendants who operate motor vehicles during a period of license suspension. L. 2019, c. 248, § 1(a) – (g).

On November 1, 2021, after the parties filed their briefs, another panel of this court issued its opinion in State v. Scudieri, ___ N.J. Super. ___ (App. Div. 2021). In that case, Scudieri was arrested for DWI and refusal to submit to testing, N.J.S.A. 39:4-50.4a, on August 30, 2019, seven days after enactment of

L. 2019, c. 248.  Id. slip op. at 2.  He subsequently entered a guilty plea to the refusal charge.  Ibid.

As is the case with the sentencing provisions of N.J.S.A. 39:4-50(a)(1)(i), the sentencing provisions of the refusal statute, N.J.S.A. 39:4-50.4a(a)(1), were amended by L. 2019, c. 248 to remove a mandatory period of suspension of driving privileges and provide that a defendant forfeits the right to drive until he or she installs an ignition interlock device in his or her vehicle.  L. 2019, c. 248, § 3.  Section 7 of L. 2019, c. 248, which establishes the effective date for the legislation, applies to both the amendments to the sentencing provisions of N.J.S.A. 39:4-50(a)(1)(i) and of N.J.S.A. 39:4-50.4a(a)(1).

At his January 22, 2020 sentencing, Scudieri argued that the municipal court should apply the amended sentencing provisions of N.J.S.A. 39:4-50.4a(a)(1), even though he committed his offense prior to the effective date of L. 2019, c. 248.  Scudieri, slip op. at 2.  The municipal court rejected that argument, as did the Law Division on appeal.  Ibid.  Both courts sentenced Scudieri to a suspension of his driving privileges in accordance with N.J.S.A. 39:4-50.4a, as it existed prior to the 2019 amendment.

The Scudieri panel affirmed.  As Judge Natali succinctly explained:

> When it amended N.J.S.A. 39:4-50.4a, the Legislature clearly stated that the new legislation would become

A-1445-20

effective over four months after it was signed into law and apply only to the class of defendants who committed offenses on or after December 1, 2019. That decision by the Legislature represented its unequivocal intent to apply the new statute prospectively, and therefore the common law exceptions to the presumption of prospective application do not apply. Further, because the Legislature amended the refusal statute to effectuate its determination that interlock devices served as a greater deterrent to drunk driving than a period of license forfeiture, any ameliorative or curative nature of the statute does not warrant retroactive effect.

[Id. slip op. at 5-6.]

The Scudieri panel also rejected the argument that the term "offense" in Section 7 is ambiguous because refusal is a motor vehicle violation and not a criminal offense. Id. slip op. at 18. Scudieri argued that in light of the ambiguity the court should interpret "offense" in Section 7 as the date of conviction, which, in his case, was after the effective date of the statute. Ibid. The panel concluded that it "disagree[d] that the amended refusal statute is in any way ambiguous, or the legislative intent unclear." Ibid.

In defense of the sentence imposed by the Law Division defendant advances essentially the same arguments this court rejected in Scudieri. We are not persuaded that we should depart from the thoughtful analysis of our colleagues. We acknowledge that Scudieri was convicted of violating N.J.S.A.

8

39:4-50.4a and defendant was convicted of violating N.J.S.A. 39:4-50. We do not see this factual distinction as meaningful to our legal analysis. The sentencing provisions of the two statutes were amended at the same time through enactment of L. 2019, c. 248. The amendments both replaced a mandatory period of suspension of driving privileges with the option that a defendant could preserve the right to drive by installing an ignition interlock device. Importantly, the two amendments were subject to the same effective date established in L. 2019, c. 248, §7.

We adopt the legal analysis and holding in Scudieri and, as a result, conclude that the trial court erred when it sentenced defendant in accordance with the 2019 amendment to N.J.S.A. 39:4-50(a)(1)(i). The sentence imposed on defendant in the Law Division is vacated and the sentence imposed on him by the municipal court is reinstated. The stay of sentence entered by the Law Division is vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1445-20