**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3741-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHAYIM GOODMAN,

    Defendant-Appellant.

_____

Submitted February 5, 2024 – Decided February 27, 2024

Before Judges DeAlmeida and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 21-08.

Chayim Goodman, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Dina Rochelle Khajezadeh, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Chayim Goodman appeals from the June 15, 2022 judgment of the Law Division convicting him after a trial de novo of improper passing, N.J.S.A. 39:4-85. We affirm.

## I.

On January 23, 2020, a Toms River Township police officer issued defendant a summons charging him with improper passing, N.J.S.A. 39:4-85, following his involvement in a motor vehicle accident. The statute provides, in relevant part:

> The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle. If vehicles on the roadway are moving in two or more substantially continuous lines, the provisions of this paragraph . . . shall not be considered as prohibiting the vehicles in one line overtaking and passing the vehicles in another line either upon the right or left, nor shall those provisions be construed to prohibit drivers overtaking and passing upon the right another vehicle which is making or about to make a left turn.
>
> The driver of a vehicle may overtake and pass another vehicle upon the right as provided in this section only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.
>
> [N.J.S.A. 39:4-85.]

The officer, who prepared a crash investigation report, was the only witness called at the trial in municipal court. He testified that he was on duty when he was dispatched to a motor vehicle collision on a ramp that connects Route 571, also known as Indian Head Road, eastbound with Route 9, also known as Lakewood Road, southbound. He described the ramp as designed and marked as a single lane with concrete curbs. The officer testified that the ramp is approximately fourteen-feet wide, which is somewhat wider than an ordinary roadway lane, and has a yield sign at the end of the ramp. According to the officer's testimony, there is no paint on the ramp demarcating multiple lanes of traffic.

The officer testified that he arrived on scene to find two vehicles. One, a large Ford sports utility vehicle, was damaged on its passenger side consistent with having been sideswiped. The other, a sedan driven by defendant, had substantial damage on its driver's side. The officer spoke with defendant at the scene of the accident. According to the officer:

> [b]asically, Mr. Goodman advised me that he was on that ramp going from Indian Head Road, 571, to Route 9 southbound, Lakewood Road. He noted that the ramp appeared wide and he thought it would be two lanes, saw . . . vehicle [two], the Ford SUV[,] stopped up ahead. And I believe he drove up next to it. And then, once the Ford Excursion began to move, it collided with the driver's side of his car.

A-3741-21

. . . .

> Mr. Goodman had told me that he thought that the SUV
> was going to make a left turn.

The officer also testified that he spoke with the driver of the SUV. While he did not repeat what that driver said to him, the officer testified that after speaking to the drivers "[t]here didn't seem to be any discrepancy on which vehicles were where and in what order . . . they went." The officer testified that the damage to the vehicles "matched both drivers' account of what had happened, both Mr. Goodman and the other gentleman driving" and was consistent with the conclusion that defendant "had pulled up next to the lead car and the lead car, when he moved, struck the other vehicle."

The officer testified that defendant's claim that he thought the lead car at the end of the ramp was going to make a left turn did not make sense to him. He testified that "[a] vehicle would not be able to make a legal left turn at the end of the ramp at the yield sign because then they would be going against traffic, the wrong way, on Route 9." He also rejected the notion that the driver was attempting to make a left turn to cross southbound Route 9 to access northbound Route 9. The officer explained, "there's a concrete divider down the middle of Route 9, separating northbound and southbound traffic. You wouldn't be able

4

to drive across." He also testified that there is a one-way sign facing south on Route 9 to prevent drivers from turning north into the southbound highway.

When the officer was asked to recount a statement made to him by a witness, defendant objected on hearsay grounds. The municipal court overruled the objection, finding that the witness's statement fell within the present sense impression exception to the hearsay rule. N.J.R.E. 803(c)(1). The following exchange then took place:

> OFFICER: So, I don't recall the woman's name. I would have to look at the report but she had told me that she had been stopped in traffic on that ramp. And she recalled seeing Mr. Goodman's vehicle, Vehicle Number 1, drive past her on the right and then go up and get up next to Vehicle Number 2 at the end of the ramp.
>
> PROSECUTOR: Okay. So, she advised that he had passed several cars, in fact, to get down to the end of the ramp ahead of the other folks.
>
> OFFICER: That is correct.

The officer testified that it was his opinion defendant "overtook and passed another vehicle outside of the proper area to be driving, alongside another party" and, based on that opinion, he issued a summons to defendant for improper passing.

A-3741-21

Defendant moved to dismiss the summons at the close of the State's case. He argued that the officer's testimony was based only on what he was told during the investigation, that the officer testified that it was possible the SUV passed defendant on the left and collided with this car, and that the State failed to produce evidence that the driver at the end of the ramp did not have his left turn signal activated. The municipal court denied defendant's motion. Defendant did not testify or call any witnesses.

The municipal court thereafter issued an oral opinion convicting defendant of improper passing. The municipal court found the officer's testimony to be credible and concluded beyond a reasonable doubt that defendant passed the victim's vehicle on the right in an unsafe manner. In reaching its decision, the municipal court noted the officer's testimony recounting the witness's out-of-court statement that defendant passed several vehicles on the right to get to the front position on the ramp. After the State described defendant's lengthy history of moving violations, the municipal court imposed fines and court costs. Defendant subsequently filed an appeal in the Law Division.

Following a trial de novo in the Law Division, Judge Michael T. Collins issued a comprehensive written opinion convicting defendant of improper

6

passing. The judge first addressed the admissibility of the witness statement. The judge found that the record contained no evidence with respect to how soon after the accident the statement was made, rendering the present sense impression exception to the hearsay rule, which applies to statements made while or immediately after observing the event described in the statement, inapplicable. Thus, the judge concluded, he would not consider the witness's statement as evidence.

The judge, however, rejected defendant's argument that the officer gave an inadmissible expert opinion during his testimony that it was not safe for defendant to pass the victim's vehicle on the right. The judge found that the officer's testimony was a lay opinion permitted by N.J.R.E. 701. Judge Collins noted the officer's lengthy experience as a traffic safety officer, his training at the police academy, and his observations at the scene of the crash as supporting the evidentiary value of his lay opinion to the trier of fact.

Based on the officer's testimony, the court concluded that the State established beyond a reasonable doubt that defendant illegally passed the victim's vehicle at the end of the ramp. The court found that defendant's operation of his vehicle violated the statute whether or not the other vehicle was attempting to make an illegal left turn into oncoming traffic, because it was

7

unsafe to pass a vehicle on the right at the end of a heavily trafficked ramp leading to a State highway and marked with a yield sign in any circumstances. A June 15, 2022 judgment memorializes the trial court's decision.

This appeal followed. Defendant raises the following arguments, with record citations omitted.

> POINT I
>
> THE TRIAL COURT JUDGE ERRED BY ACCEPTING THE "ERRONEOUS ADMISSION OF [THE WITNESS'S] STATEMENT TO WARREN" AS ADMISSIBLE EVIDENCE. APPARENTLY, EVEN THOUGH THE TRIAL COURT JUDGE DID CONCUR THAT THE STATEMENTS FROM THE WITNESS [ARE] NOT ADMISSIBLE UNDER THE HERESAY EXCEPTIONS, HE STILL FOUND THE APPELLANT GUILTY BY HIS OWN ADMISSION FOR DRIVING ON THE "RIGHT HAND SIDE OF THE RAMP". THIS IS AN ERROR FOR TWO REASONS.
>
> REASON #1: APPELLANT NEVER TESTIFIED SO THE ONLY ADMISSION BY THE APPELLANT IS DERIVED FROM THE OFFICER'S NARRATIVE FROM THE POLICE REPORT, WHICH WAS PARAPHRASED BY THE OFFICER INTO HIS OWN WORDING BASED ON HIS RECOLLECTION OF STATEMENTS FROM THREE DIFFERENT WITNESSES. THAT SAID, THE POLICE REPORT HAD PARAPHRASED APPELLANT[']S STATEMENTS WHICH ACCORDING TO JOHN MORRIS V. PEDRO TORRES, SUCH STATEMENTS ARE QUESTIONABLE OF TRUSTWORTHINESS AND SHOULD NOT BE ADMISSIBLE.

REASON #2: EVEN IF IT WERE TO BE ADMISSIBLE, THERE IS NO RECORD OF THE APPELLANT STATING THAT HE PASSED "TRAFFIC" ON THE RIGHT AS THE OFFICER GAVE AS THE REASON FOR THE CITATION "AND THEN I ALSO WROTE HIM FOR IMPROPER PASSING WHEREAS HE HAD PASSED **TRAFFIC** ON THE RIGHT SIDE OF THE RAMP".  SO ANY ADMISSION BY THE APPELLANT WOULD BE FOR PASSING ONE VEHICLE WHICH WAS ATTEMPTING TO MAKE A LEFT TURN ONLY AND NOT TRAFFIC AS CITED BY THE OFFICER.

NOTE: THE POLICE REPORT DIAGRAM INCLUDES AN ARROW INDICATING THAT APPELLANT PASSED THE WITNESSES (sic) VEHICLE AS WELL WHICH APPEARS TO BE ECHOING THE STATEMENT MADE BY THE HEARSAY WITNESS . . ., WHICH SHOULD NOT BE ACCEPTABLE UNDER THE HEARSAY RULE 701.

POINT II

SINCE THE OFFICER'S OPINION, AND ISSUANCE OF THE CITATION, WAS PRIMARILY BASED ON HEARSAY, THE TRIAL COURT ERRED FOR NOT UPHOLDING THE APPELLANT'S MOTION FOR DISMISSAL IN MUNICIPAL COURT.  SINCE THE OFFICER CITED THE APPELLANT FOR PASSING **"TRAFFIC"** INSTEAD OF SAYING THE DEFENDANT PASSED THE FORD EXCURSION, IT IS APPARENT THAT THE OFFICER WAS ECHOING THE STATEMENTS FROM THE HEARSAY WITNESS.

9

POINT III

THE TRIAL COURT'S POSITION IS THAT THE OFFICER'S TESTIMONY IS QUALIFIED AS A LAY OPINION WITNESS. TO DETERMINE THE FOLLOWING: 1. THE ACTIONS OF THE APPELLANT TO BE IN VIOLATION; 2. THE INTERPRETATION OF THE STATUTE; 3. THE CONDITION/DESIGN OF THE ROADWAY. ALL THREE APPEAR TO BE REVERSIBLE ERRORS FOR THE FOLLOWING POINTS: AS FOR NUMBER E1, THE OFFICER HAD NO PERSONAL KNOWLEDGE OR PERCEPTION OF THE APPELLANT'S ACTIONS, SINCE HE DID NOT PERSONALLY WITNESS THE PASSING OR THE ACCIDENT SO HIS OPINION WAS PRIMARILY RELIANT ON HEARSAY.

AS FAR AS NUMBER 2 IT APPEARS TO BE A REVERSIBLE ERROR BECAUSE IT SEEMS TO CHARACTERIZE THE STATUTE AS UNCONSTITUTIONALLY VAGUE BY INTERPRETING TO EXCLUDE ILLEGAL LEFT TURNS, WHERE THE TRIAL JUDGE ACKNOWLEDGES AND QUOTES KENDALL V. KENDALL "BUT A DRIVER MAY PASS ON THE RIGHT IF TRAFFIC HAS BECOME SO DENSE THAT LINES OF TRAFFIC HAVE BECOME SUBSTANTIALLY CONTINUOUS OR **THE PRESENCE OF A SLOW MOVING VEHICLE IN THE LEFT LANE"** (sic). IN OTHER WORDS, THE COURT APPEARS TO BE UTILIZING THE OFFICER'S OPINION TO INTERPRET THE STATUTE OUT OF ITS ORDINARY PARAMETERS, ESPECIALLY WHEN THE STATUTE PROVIDES EXAMPLES OF **UNSAFE** BY GOING OFF THE PAVEMENT OR DRIVING OFF THE ROADWAY, WHICH IN THIS CASE THERE

10

WAS NO TESTIMONY AT ALL THAT THE APPELLANT WENT OFF THE ROADWAY, HOPPED ANY CURBS OR OF THE ALIKE (sic), NOT ONLY THAT, TO THE CONTRARY THE OFFICER WOULD BE CONTRADICTING HIMSELF AS HE TESTIFIED EARLIER IN COURT THAT THE ROADWAY WAS EXTRA WIDE AND THAT TWO VEHICLES CAN FIT PASSING EACH OTHER WITHOUT GOING OFF THE ROADWAY. THEREFORE, IT WOULD BE EXTREMELY ERRONEOUS FOR THE COURT TO ACCEPT SUCH OPINION WHICH WOULD BE CONTRADICTORY TO BOTH THE OFFICER'S EARLIER TESTIMONY AND THE LANGUAGE OF THE STATUTE ITSELF.

AS FAR AS NUMBER 3, ACCORDING TO RULE 701 A LAY OPINION MUST ESTABLISH A BASIS FOR HIS OPINION (SIC) AND MUST NOT BE A MATTER OF SPECULATION. ONE ISSUE WITH THIS IS THE OFFICER ADMITTED HE NEVER MEASURED THE ROADWAY OR MADE ANY PHYSICAL EVALUATION OF THE ROADWAY AS HE TESTIFIED THAT HE DID NOT MEASURE THE ROADWAY. HE ONLY ESTIMATED BY GUESSING THE WIDTH WHICH WOULD BE SPECULATIVE, AND DID NOT SUPPLY A BASIS TO HIS OPINION FINDINGS OTHER THAN STATING THAT "THE ROADWAY WASN'T DESIGNED THAT WAY", WHICH APPEARS TO CALL FOR ROADWAY EXPERT TESTIMONY WHICH WOULD BE OUT OF THE SPHERE OF AN OFFICER'S EXPERTISE. AS IN RULE 701(4) LAY OPINION MAY NOT CROSS INTO THE REALM OF AN EXPERT.

POINT IV

THE TRIAL COURT ERRED BY MISINTERPRETING THE STATU[T]E 39:4-85 AND BY ATTEMPTING TO USE A LAY OPINION TO ESTABLISH A NEW DEFINITION OF THE STATUTE WHICH WOULD ADD A NEW CONDITION TO THE PERMISS[I]BLE PASSING. THE NEW DEFINITION WOULD BE, IS THAT WHEN A VEHICLE IS ATTEMPTING TO MAKE A "LEGAL" LEFT TURN.

POINT V

THERE IS NO RECORD OF THE OFFICER INQUIRING FROM THE OTHER DRIVER WHETHER OR NOT HE WAS ATTEMPTING TO MAKE A LEFT TURN.

II.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

"Our standard of review of a de novo verdict after a municipal court trial is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (internal

12

quotation marks and citation omitted). We do not, however, independently assess the evidence. State v. Locurto, 157 N.J. 463, 471-72 (1999).

The rule of deference to findings of fact is more compelling where, as here, the municipal and Law Division judges made concurrent findings. Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). But, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the June 15, 2022 judgment for the reasons stated by Judge Collins in his thorough and well-reasoned written opinion. As Judge Collins found, the record contains sufficient admissible evidence that defendant passed a vehicle on the right at the end of a heavily travelled, single-lane ramp to a divided State highway marked with a yield sign.

13

Whether the vehicle he passed was attempting to make an illegal left turn into two lanes of oncoming traffic, as defendant claims, or not, the trial court's conclusion that defendant's attempt to overtake the vehicle on the right was not "under conditions permitting such movement in safety[,]" N.J.S.A. 39:4-85, is supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3741-21